# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 12, 2010

Charles R. Fulbruge III
Clerk

No. 09-30458
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PEDRO WARDELL BROWN,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:96-CR-100-1

Before GARZA, DENNIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Pedro Wardell Brown, federal prisoner # 25032-034, has appealed the sentence imposed by the district court after granting his 18 U.S.C. § 3582(c)(2) motion for a reduction of sentence based on the United States Sentencing Commission's amendment to the Sentencing Guidelines concerning the base offense levels for crack cocaine offenses. The district court reduced Brown's sentence to 235 months, the top of the revised sentencing guidelines range, and noted that Brown remained subject to a 60-month consecutive sentence for a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

firearms offense.   Brown argues on appeal that the 18 U.S.C. § 3553(a) sentencing factors indicate that the district court abused its discretion by failing to grant a greater reduction in his sentence.

We review the district court's decision whether to reduce a sentence for abuse of discretion and review de novo its interpretation of the Sentencing Guidelines.  *United States v. Doublin*, 572 F.3d 235, 237 (5th Cir.), *cert. denied*, 130 S. Ct. 517 (2009).

A sentence reduction under § 3582(c)(2) is not a full sentencing proceeding; therefore, the reasonableness standard derived from *United States v. Booker*, 543 U.S. 220 (2005), does not apply.  *United States v. Evans*, 587 F.3d 667, 671-72 (5th Cir. 2009); *Doublin*, 572 F.3d at 237.  "The court, which was under no obligation to reduce [Brown]'s sentence at all, was under no obligation to reduce it even further within the recalculated range."  *Evans,* 587 F.3d at 673-74. Brown's challenge to his reduced sentence, which is within the recalculated sentencing guidelines range, is foreclosed by *Evans.  See id.*

AFFIRMED.