# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 20, 2010

No. 08-30608
Conference Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WARREN STEVENSON, also known as Nook,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:04-CR-286-1

Before SMITH, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Warren Stevenson, federal prisoner # 29061-034, appeals the denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence based on the amendments to the crack cocaine Guideline. He asserts that the district court abused its discretion in denying the reduction solely because his original sentence was within the revised guidelines range, arguing that this was a legally insufficient reason for denying the sentencing reduction and that the district court should have given case-specific reasons for the denial.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This court reviews the decision whether to reduce a sentence under § 3582(c)(2) for an abuse of discretion. *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009), *petition for cert. filed* (Jan. 28, 2010) (No. 09-8939). Reasonableness review, as outlined in *United States v. Booker*, 543 U.S. 220 (2005), is not applicable to § 3582(c)(2) proceedings. *Id.* The district court's interpretation of the Guidelines is reviewed de novo. *Id.*

Stevenson has not shown that the district court abused its discretion in denying his § 3582(c)(2) motion or in providing a legally insufficient reason for its decision. The district court had the discretion to decide whether to grant Stevenson's motion and was not required to reduce his sentence. *See United States v. Shaw*, 30 F.3d 26, 29 (5th Cir. 1994); *see also* U.S.S.G. § 1B1.10(b)(2)(B) & comment. (n.3). The district court noted that the original sentence was within the amended guidelines range and determined that the original sentence was "appropriate under the circumstances." The district court was not required to state findings of fact and conclusions of law when denying the § 3582(c)(2) motion. *See Evans*, 587 F.3d at 674. Stevenson has not shown that the district court abused its discretion in denying his § 3582(c)(2) motion. *See id.*

AFFIRMED.