# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 1, 2010

No. 09-31026
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LOUIS JOHNSON,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Louisiana
No. 2:06-CR-301-1

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Louis Johnson entered a conditional guilty plea to one count of conspiracy

to possess cocaine and cocaine base with intent to distribute, one count of con-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

spiracy to possess a firearm in furtherance of a drug crime, and one count of possessing a firearm in furtherance of a drug crime. He appeals the denial of his motion to suppress evidence, claiming it was improperly obtained pursuant to a wiretap. His argument is threefold: The affidavit submitted in support of the wiretap application did not establish probable cause; the affidavit failed to make the required showing of necessity; and the government failed to minimize the interception of nonrelevant communications as required by 18 U.S.C. § 2518(5).

With respect to probable cause, Johnson contends that information from a confidential source ("CS") was unreliable. Specifically, he maintains that the CS's statements that Johnson was a crack distributor and that he and others had picked up five kilograms of cocaine, converted it to crack, and distributed it were based only on the CS's knowledge from "the street." Johnson also argues that there was insufficient information regarding the CS's reliability and veracity and that information from certain law enforcement officers regarding Johnson's role and the roles of other targets as drug distributors was similarly unsupported and unreliable.

In deciding whether there is probable cause, a court must look to the totality of the circumstances, keeping in mind that deficiencies in some parts of a source's information may be compensated for by corroborating information or other indicia of reliability. *Illinois v. Gates*, 462 U.S. 213, 232-33, 244-45 (1983). There were numerous facts that corroborated or otherwise indicated the reliability of the challenged statements. These include two sales of crack by Johnson to the CS for a total of $5,200; the CS's history of providing reliable information; interviews with various sources of information, including a person who "cooked" crack cocaine and offered information about Johnson's activities; and multiple sources of information regarding the roles of Johnson and the other targets in crack distribution.

We reject Johnson's assertion that the CS was not reliable because he was unnamed and should thus be viewed skeptically. Johnson relies on the law re-

lating to anonymous tipsters or their equivalent, but this CS does not fall into that category. *See United States v. Martinez*, 486 F.3d 855, 862 (5th Cir. 2007). Also, there are no deficiencies in the affidavit regarding the CS's past reliability and veracity. *See United States v. McKnight*, 953 F.2d 898, 904-05 (5th Cir. 1992). In sum, in light of the totality of the circumstances, the affidavit sets forth facts sufficient to find probable cause.

We next turn to Johnson's necessity argument. Before a wiretap may be authorized, the government must show, and the court must find, that "other investigative procedures have been tried and failed" or that "they reasonably appear to be unlikely to succeed if tried or to be too dangerous." 18 U.S.C. § 2518-(1)(c), (3)(c). Contrary to Johnson's assertions, the affidavit gave specific reasons why physical surveillance, trash pulls, and the use of cameras would risk compromising the investigation because of the geographic layout of the area and would be unlikely to provide information about the scope of the operation or Johnson's supplier. Similarly, using the CS to make more purchases would pose dangers and would not likely produce information about other members of the operation or Johnson's source.

The government is not required to show that it has exhausted every conceivable option before a wiretap can be approved. *United States v. Kelley*, 140 F.3d 596, 605 (5th Cir. 1998). We have sustained wiretap orders under similar circumstances. *United States v. Krout*, 66 F.3d 1420, 1425 (5th Cir. 1995); *United States v. Webster*, 734 F.2d 1048, 1054-55 (5th Cir. 1984). There is no reason not to do so here.

Finally, the district court rejected Johnson's conclusional arguments that the government failed to minimize the monitoring of conversations that were not subject to interception. We agree. *See United States v. de la Fuente*, 548 F.2d 528, 534 (5th Cir. 1977).

AFFIRMED.

3