# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 19, 2011

No. 09-31024
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TREVOR JEFFERY,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:06-CR-301-2

Before JOLLY, STEWART and DENNIS,  Circuit Judges.

PER CURIAM:[*]

Trevor Jeffery appeals his guilty-plea convictions and sentences for conspiring to distribute and possess with the intent to distribute 50 grams or more of cocaine base and 500 grams or more of cocaine; conspiring to use, carry, and possess firearms in furtherance of a drug trafficking; and possessing firearms in furtherance of a drug trafficking crime.  In his initial brief, Jeffery argued as his sole issue on appeal that he was denied the right to counsel during a hearing on his motion to withdraw his guilty plea.  In response, the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-31024

Government filed a motion to dismiss Jeffery's appeal, which this court granted. Jeffery's appeal was subsequently reinstated. He has not reasserted that claim.

Jeffery argues that the district court erred by denying a motion to suppress the fruits of a wiretap the Government conducted on his co-defendant Louis Johnson's cellular telephone. To the extent that Jeffery adopted Johnson's appellate challenges to the denial of the motion to suppress, this court's decision rejecting those arguments applies equally to Jeffery. *See United States v. Johnson*, 2010 WL 3447800 at \*1-\*2 (5th Cir. Sept. 1, 2010). By failing to raise the issue in the district court, Jeffery has waived his remaining contention that the district court should have suppressed the fruits of the wiretap because the Government failed to make a showing of necessity for the wiretap specifically as to him. *See United States v. Pope*, 467 F.3d 912, 918-19 (5th Cir. 2006). In any event, Jeffery, having cited no binding Fifth Circuit authority in support of his argument, has not shown plain error. *See id.* at 920 n.20; *United States v. Evans*, 587 F.3d at 667, 671 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 3462 (2010).

Jeffery also argues that his sentences for conspiracy should be vacated and his case remanded to the district court for re-sentencing under the provisions of the Fair Sentencing Act (FSA) of 2010. The FSA amended the Controlled Substances Act and Controlled Substances Import and Export Act by resetting the drug quantities required to trigger mandatory minimum sentences. FSA, Pub. L. No. 111-220, § 2(a)(1), 124 Stat. 2372 (Aug. 3, 2010). The Act became effective after Jeffery was sentenced. He has not shown that the FSA is retroactively applicable. *See* 1 U.S.C. § 109.

AFFIRMED.