# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 20, 2010

No. 08-20479
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WENDELL ALBOYD CORNETT,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:95-CR-265-1

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Wendell Alboyd Cornett, federal prisoner # 04675-081, was convicted in 1997 of 14 offenses, including conspiring with intent to distribute cocaine and cocaine base and aiding and abetting the possession with intent to distribute cocaine. The district court determined at his original sentencing that Cornett was accountable for 350 kilograms of powder cocaine and 234.6 grams of crack cocaine, resulting in a base offense level of 38. Cornett was sentenced to life imprisonment on several counts.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This court is now presented with Cornett's appeal from the district court's denial of his motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). Cornett contends that the district court had the authority to reduce his sentence pursuant to the retroactive amendments to the Sentencing Guidelines concerning crack cocaine. He argues that the district court denied relief based on the mistaken belief that the guidelines were mandatory. Cornett also asserts that his case presents extraordinary circumstances given the district court's statement at the original sentencing that it would not have chosen a life sentence were it not bound by the guidelines. The Government has moved for summary affirmance in lieu of filing an appellee's brief.

Because the combined offense level for the two drug types (powder cocaine and crack cocaine) is less than the offense level for the powder cocaine alone, Cornett was not entitled to a two-level reduction in his offense level under the retroactive guideline amendments. *See* U.S.S.G. Supp. to App'x C, Amend. 715. Accordingly, the district court did not err in denying Cornett's § 3582(c)(2) motion. *See United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 3462 (2010).

To the extent that Cornett contends that he was eligible for a reduction in his sentence under § 3582(c)(2) because the guidelines are no longer mandatory, his argument is unavailing. The Supreme Court has determined that *United States v. Booker*, 543 U.S. 220 (2005), does not apply to sentence reductions under § 3582(c)(2) and that the district court may not impose a sentence below the amended guideline range unless the sentencing court originally imposed a term of imprisonment below the guidelines range. *Dillon v. United States*, 130 S. Ct. 2683, 2692 (2010). Likewise, the *Booker* reasonableness standard does not apply in proceedings under § 3582(c)(2). *Evans*, 587 F.3d at 672.

In view of the foregoing, the judgment of the district court is AFFIRMED, and the Government's motion for summary affirmance is GRANTED.