# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 28, 2010

Lyle W. Cayce
Clerk

No. 09-31170
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOHN E. MILTON, III, also known as Boo Milton,

Defendant-Appellant

Appeals from the United States District Court
for the Middle District of Louisiana
USDC No. 3:96-CR-17-1

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

John E. Milton, III, federal prisoner # 24395-034, was convicted of one charge of conspiring to possess crack and powder cocaine with intent to distribute, and the district court sentenced him to serve 600 months in prison and a five-year term of supervised release. In this appeal he challenges the district court's denial of his motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2), which was based on the district court's determination that the amount of crack cocaine involved with his offense rendered him ineligible for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-31170

§ 3582(c) relief.  He argues that the denial was improper because the district court's conclusion that his offense involved more than six kilograms of cocaine was erroneous.  Rather, according to Milton, his offense involved only 1.5 kilograms of crack.  Additionally, Milton moves this court for appointed counsel.

Insofar as Milton asserts that only 1.5 kilograms of cocaine were associated with his offense, our review of the record shows that he is mistaken and confirms the district court's determination with respect to this issue.  The original sentencing court's references to 1.5 kilograms came in the context of explaining that the highest base offense level available for this offense at that time was 38 which was applicable to an offense involving 1.5 kilograms or more.  The sentencing judge repeatedly stated his conclusion that Milton's offense involved well more than that -- either 6.4 or 6.9 kilograms.  Amendment 706 and related Amendment 715 do not affect a sentence where the offense "involved 4.5 kilograms or more of cocaine base."  *See* U.S.S.G. Supp. to App'x C, Amend. 715.  Milton's offense was, thus, unaffected by the Amendments.

Therefore, Milton has not shown that the district court abused its discretion by denying his § 3582(c) motion.  *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 3462 (2010).  The judgment of the district court is AFFIRMED.  The Government's motion for summary affirmance is GRANTED, and its alternate request for an extension of time in which to file a brief is DENIED.  Milton's motion for appointed counsel is DENIED.