# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 11, 2010

No. 09-40123
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DERRICK WAYNE BURTON,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:97-CR-153-4

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Derrick Wayne Burton, federal prisoner # 06581-078, was convicted in 1998 of conspiracy to distribute and possess with intent to distribute marijuana and crack cocaine and of possession with intent to distribute crack cocaine. In this appeal, Burton challenges the district court's order denying his motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) pursuant to recent amendments to the Sentencing Guidelines applicable to crack cocaine offenses. The district court determined that the amount of crack cocaine involved with his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

offense (4.7 kilograms) rendered Burton ineligible for § 3582(c) relief.  *See* U.S.S.G. Supp. to App'x C, Amend. 715.

Burton contends that the drug amount attributable to him was calculated erroneously and that he should have been responsible for 4,337.25 grams of cocaine base only.  He invokes *United States v. Booker*, 543 U.S. 220 (2005), and also argues that the disparity in the record with respect to drug quantity should be resolved in his favor under the rule of lenity.  In the alternative, he requests an evidentiary hearing.  These arguments are without merit.

The record reflects that the district court determined correctly that Burton was sentenced based on the 4.7 kilogram quantity.  *Booker* is inapplicable in § 3582(c)(2) proceedings.  *Dillon v. United States*, 130 S. Ct. 2683, 2691-93 (2010). Burton has not shown that the district court abused its discretion by denying his § 3582(c) motion.  *See United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 3462 (2010).

The district court's order is AFFIRMED.  The Government's motion for summary affirmance is GRANTED.  Burton's petition for a writ of mandamus and motion requesting the court to expedite the appeal and to remand the case for an evidentiary hearing are DENIED.