IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 5, 2009

Charles R. Fulbruge III
Clerk

No. 08-41259

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARK ANTHONY EVANS,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas

Before JONES, Chief Judge, SMITH and DeMOSS, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Mark Evans moved under 18 U.S.C. § 3582(c)(2) to reduce his sentence based on the retroactive amendment of the crack cocaine offense levels. The district court granted the motion but imposed a sentence at the high end of the new sentencing range. On appeal, Evans argues (1) that the mandatory provisions of United States Sentencing Guidelines ("U.S.S.G.") section 1B1.10 cabined the

district court's sentencing discretion in violation of *United States v. Booker*, 543 U.S. 220 (2005) and the separation of powers doctrine and (2) that the modified sentence was procedurally unsound and substantively unreasonable. We affirm.

## I.

Evans is no stranger to this court. In 2000, a jury found him guilty of possession with intent to distribute crack cocaine ("count one"), possession of a firearm during and in relation to a drug trafficking crime ("count two"), and being a felon in possession of a firearm ("count three"). The district court sentenced him to 235 months' imprisonment. He appealed and, determining that the indictment as to count two was defective, we affirmed in part and vacated and remanded in part for resentencing.

On remand, the district court sentenced Evans to 210 months on count one and 120 months on count three, the terms to run concurrently, and dismissed count two. Evans appealed; we affirmed. Evans sought 28 U.S.C. § 2255 relief; we denied a certificate of appealability.

After the crack cocaine guideline was amended,[1] Evans filed a § 3582(c)(2)[2] motion for reduction of sentence. Based on the two-level reduction pursuant to the crack cocaine amendment, on his post-conviction conduct, and on an alleged error in calculating his original criminal history score, Evans urged the district court to sentence him to 140 months or less, which he argued the court could do

---

[1] The Sentencing Commission amended the guidelines applicable to cocaine base (i.e., crack cocaine) offenses by raising the quantity required to trigger each base offense level, effectively lowering each respective sentencing range. *See* U.S.S.G. app. C, amend. 706 (Nov. 1, 2007). That amendment was then made retroactive by a subsequent amendment to the guidelines. *See* U.S.S.G. app. C, amend. 713 (Mar. 3, 2008).

[2] "[I]f a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2) The policy statement at issue is U.S.S.G. § 1B1.10(b)(2)(A).

in light of *Booker*. Without a hearing, the court implicitly rejected Evans's arguments for a below-guideline sentence and summarily reduced the 210-month sentence as to count one to 175 months.

## II.

### A.

Evans contends that to the extent the district court felt constrained in its resentencing decision by the mandatory language in U.S.S.G. § 1B1.10, it erred. Specifically, Evans argues that *Booker* applies to § 3582(c)(2) proceedings. And because the provisions of U.S.S.G. § 1B1.10 are mandatory,[3] Evans adds, they violate *Booker*. We review *de novo* the district court's interpretation or application of the guidelines. *See, e.g.*, *United States v. Conner*, 537 F.3d 480, 489 (5th Cir. 2008).

Evans's argument is foreclosed by *United States v. Doublin*, 572 F.3d 235, 238 (2009) (per curiam), *cert. denied*, 2009 U.S. LEXIS 7830 (U.S. Nov, 2, 2009), in which we joined "the nearly unanimous position of our sister circuits[4] in holding [that] *Booker* does not alter the mandatory character of Guideline § 1B1.10's limitations on sentence reductions." Thus, a district court cannot re-

---

[3] U.S.S.G. § 1B1.10(b)(2)(A), following its modification by amendment 711, states, in relevant part, that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range . . . ."

[4] *See United States v. Fanfan*, 558 F.3d 105 (1st Cir. 2009), *cert. denied*, 2009 U.S. LEXIS 5275 (U.S. Oct. 5, 2009); *United States v. Savoy*, 567 F.3d 71 (2d Cir. 2009), *cert. denied*, 2009 U.S. LEXIS 6600 (U.S. Oct. 5, 2009); *United States v. Doe*, 564 F.3d 305 (3d Cir. 2009); *United States v. Dunphy*, 551 F.3d 247 (4th Cir.), *cert. denied*, 129 S. Ct. 2401 (2009); *United States v. Cunningham*, 554 F.3d 703 (7th Cir.), *cert. denied*, 129 S. Ct. 2826, *and cert. denied*, 129 S. Ct. 2840 (2009); *United States v. Starks*, 551 F.3d 839 (8th Cir.), *cert. denied*, 129 S. Ct. 2746 (2009); *United States v. Rhodes*, 549 F.3d 833 (10th Cir. 2008), *cert. denied*, 2009 U.S. LEXIS 6441 (U.S. Oct. 5, 2009); *United States v. Melvin*, 556 F.3d 1190 (11th Cir.), *cert. denied*, 129 S. Ct. 2382 (2009). *But see United States v. Hicks*, 472 F.3d 1167, 1169-72 (9th Cir. 2007).

duce a sentence below the minimum provided in the amended guideline range. *Id.*

## B.

Evans challenges the mandatory provisions of § 1B1.10 on separation-of-powers grounds. He claims that, notwithstanding the mandatory limitations in § 1B1.10, Congress never intended § 3582(c)(2) to limit a federal court's jurisdiction by delegating control to the Sentencing Commission. Indeed, he avers, a plain reading of § 3582(c)(2) and its legislative history confirms that the Commission's policy statements were intended only to guide the district court's discretion. Interpreting the statute otherwise, Evans argues, violates the separation-of-powers doctrine, because it gives Article III power to the Commission or, at the very least, because the Sentencing Reform Act provides no guidance as to how the Commission should regulate Article III jurisdiction.

Although Evans did not raise the separation-of-powers issue in the brief supporting his § 3582(c)(2) motion, he contends that the plain error standard of review does not apply, because he had no opportunity to object to the district court's summary ruling. For support, he cites *United States v. Warden*, 291 F.3d 363, 365 n.1 (5th Cir. 2002), in which we held the plain error standard inapplicable because the defendant did not have an "opportunity to object to or comment on the special [sentencing] conditions as imposed in the written order . . . ."

Evans's situation, however, differs markedly from Warden's. The challenge in *Warden* was to "new conditions [including responsibility to pay for costs of drug treatment and counseling, sex offender counseling, and anger management counseling] . . . not discussed at the sentencing hearing"––conditions that, because they were special, the defendant could not have been expected to anticipate. *Id.* at 365. In contrast, Evans challenges the constitutionality of the very mandatory guidelines range that governs his § 3582(c)(2) resentencing.

The mandatory nature of § 1B1.10 was an issue that Evans could have anticipated. Indeed, he did anticipate it, in that he was careful to point out to the district court his *Booker* argument. The point is that, unlike Warden, Evans had an opportunity to comment on the issue he is trying to assert for the first time on appeal. Evans could have mentioned separation of powers in his § 3582(c)(2) motion brief but, for whatever reason, he chose not to. And because he did not present it to the district court, we review it for plain error. *See United States v. Wright*, 86 F.3d 64, 65 (5th Cir. 1996).

Plain error arises where "(1) there was an error; (2) the error was clear and obvious; and (3) the error affected the defendant's substantial rights." *United States v. Villegas*, 404 F.3d 355, 358 (5th Cir. 2005). Even if such an error is found, the court does not exercise its discretion to correct it unless it "seriously affects the fairness, integrity, or public reputation of judicial proceedings," *id.* at 359, and "result[s] in a miscarriage of justice," *United States v. Surasky*, 974 F.2d 47, 50 (5th Cir. 1991).

As Evans admits, his separation-of-powers argument is novel. No Fifth Circuit precedent supports it. "We ordinarily do not find plain error when we 'have not previously addressed' an issue." *United States v. Lomas*, 304 F. App'x 300, 301 (5th Cir. 2008) (quoting *United States v. Vega*, 332 F.3d 849, 852 n.3 (5th Cir. 2003)). Even where the argument requires only extending authoritative precedent, "the failure of the district court to do so cannot be plain error." *Id.* (citing *United States v. Hull*, 160 F.3d 265, 272 (5th Cir. 1998).

But here there was not even authoritative precedent for the court to extend. Given the lack of precedent suggesting a separation-of-powers problem with § 3582(c)(2) and its relationship with the mandatory provisions in § 1B1.10, the alleged error was not "obvious," "clear," or "readily apparent" such that the court was "derelict in countenancing [it] . . . even absent the defendant's timely assistance in detecting [it]." *United States v. Miller*, 406 F.3d 323, 330 (5th Cir.

2005) (citations omitted).

## III.

Evans argues that *Booker* reasonableness review should apply to § 3582-(c)(2) proceedings; he attacks his resentencing as procedurally unsound and substantively unreasonable. In doing so, he assumes incorrectly that the reasonableness standard of review applies to § 3582(c)(2) proceedings.

In *Doublin*, 572 F.3d 238, we held *Booker* inapplicable to § 3582(c)(2) sentencing reductions, because those proceedings do not constitute full resentencings. We did not expressly address whether the reasonableness standard of review derived from *Booker* is likewise inapplicable to § 3582(c)(2) proceedings. Another court, however, has had occasion to state that logical connection––albeit in an unpublished opinion.[5] We, likewise, now decide what was implicit in *Doublin*, that is, the distinction between full sentencings and sentence modifications that compelled our holding in *Doublin*: The *Booker* reasonableness standard does not apply to § 3582(c)(2) proceedings. The bifurcated procedural-soundness, substantive-reasonableness review of sentencing decisions derived from *Booker* and its progeny, *United States v. Rowan*, 530 F.3d 379, 381 (5th Cir. 2008), is therefore inapplicable in the § 3582(c)(2) review context.

Instead, we review the decision whether to reduce a sentence under § 3582(c)(2) for abuse of discretion, *United States v. Whitebird*, 55 F.3d 1007, 1009 (5th Cir. 1995), its interpretation of the guidelines *de novo*, and its findings of fact for clear error, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). Having discerned the correct standard of review, we now sever, as

---

[5] *See United States v. Brewster*, No. 08-17124, 2009 U.S. App. LEXIS 12365, at *2-*3 (11th Cir. June 9, 2009) (per curiam) (unpublished) ("While we review the sentence initially imposed by the district court for reasonableness . . . . reasonableness review does not apply in the present context because a § 3582(c)(2) proceeding does not constitute a full resentencing . . . ."), *cert. denied*, 2009 U.S. LEXIS 7276 (U.S. Oct. 13, 2009).

well as possible, Evans's particular claims from his reliance on inapplicable *Booker-Rita*[6]-*Gall*[7] language.

## A.

Evans takes issue with the district court's summary grant of his § 3582-(c)(2) motion without providing reasons for choosing the particular revised sentence. He contends that, under § 3553(c)(1), the court is required to give reasons for the sentence. Evans again confuses full sentencings with sentence modifications.

The provision in § 3553(c) on which Evans relies states in pertinent part that "[t]he court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence, and, if the sentence (1) is . . . within [a] range . . . [that] exceeds 24 months, the reason for imposing a sentence at a particular point within the range . . . ." 18 U.S.C. § 3553(c)(1). By its very terms, this provision applies at the time of *sentencing*, not at the time of sentence *modification*. "[T]here are clear and significant differences between original sentencing proceedings and sentence modification proceedings." *Doublin*, 572 F.3d at 238 (quoting *Rhodes*, 549 F.3d at 840). Indeed, one of the most important differences is that "the two types of proceedings are governed by different statutes: original proceedings are governed by 18 U.S.C. § 3553 . . . while sentence modification proceedings are governed by 18 U.S.C. § 3582(c)(2)." *Rhodes*, 549 F.3d at 840. Given that § 3582(c)(2) does not constitute full resentencing, *see Doublin*, 572 F.3d at 238, Evans's reliance on § 3553(c) is misplaced.

---

[6] *Rita v. United States*, 551 U.S. 338 (2007).

[7] *Gall v. United States*, 552 U.S. 38 (2007).

B.

Evans contends that the district court erred because it failed to credit his "incredible record of rehabilitation" since his prior sentencing and, instead, gave significant weight to the characteristics of the "unreformed Mr. Evans of old who existed years ago at the time of his offense." His contention is unavailing.

Section 3582(c)(2) requires the court to consider the factors in § 3553(a). But by its very terms, it does so with regard to whether the court should exercise its discretion to grant the motion, not with regard to what the resulting modified sentence should be within the recalculated range.[8] Evans is, however, correct that "the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining . . . whether a reduction . . . is warranted [and] . . . the extent of such reduction . . . ." U.S.S.G § 1B1.10 cmt. n.1(B)(i).

Nevertheless, that the court did not mention the § 3553(a) factors when it summarily reduced Evans's sentence does not mean that it did not consider them. After all, Evans, in his counseled § 3582(c)(2) motion brief, described in detail why the § 3553(a) factors weighed in favor of a sentence at the bottom of, or below, the sentencing range. The court had those arguments in front of it when it made its determination where in the range Evans's modified sentence should fall. As put by another court confronted with nearly the same facts––a summary grant of a § 3582(c)(2) motion with a sentence at the high end of the new guideline range granted summarily but with a motion from the defendant discussing the § 3553(a) factors in his motion brief––"[T]he court below was presented with argument concerning the § 3553(a) factors and although it did not

---

[8] *See* 18 U.S.C. § 3582(c)(2) ("[U]pon motion of the defendant . . . or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable . . . ."). Contrast this with 18 U.S.C. § 3582(a), which concerns the initial imposition of a sentence: "The court, in determining whether to impose a term of imprisonment, and . . . in determining the length of the term, shall consider the factors set forth in section 3553(a) to the extent that they are applicable."

discuss them, we can assume that it considered them." *United States v. Clark*, No. 09-10487, 2009 WL 3004012, at \*1 (11th Cir. Sept. 22, 2009) (per curiam).

Because the district court granted Evans's § 3582(c)(2) motion and reduced his sentence, it presumably concluded that the § 3553(a) factors weigh in his favor. The court, which was under no obligation to reduce Evans's sentence at all,[9] was under no obligation to reduce it even further within the recalculated range.[10] Indeed, its decision implicitly to reject Evans's call for a further reduction looks all the more understandable in light of the particular details of the person Evans refers to as the "Mr. Evans of old."[11]

To the extent that Evans's complaint is the fact that the district court failed to provide reasons explaining the modified sentence, a court is "not required to state findings of facts and conclusions of law" when denying a § 3582-(c)(2) motion. *United States v. Cox*, 317 F. App'x 401, 403 (5th Cir. 2009). If a defendant cannot successfully challenge a district court for failing to provide reasons for *denying* his motion to reduce his sentence, it is axiomatic that he cannot

---

[9] *See, e.g.*, *Doublin*, 572 F.3d at 238 ("[R]eductions under 18 U.S.C. § 3582(c)(2) are not mandatory; this section merely gives the district court discretion to reduce a sentence under limited circumstances."); *see generally* 18 U.S.C. § 3582(c)(using such language as "may modify" and "may reduce").

[10] *See* U.S.S.G. § 1B1.10 cmt. n.1(B)(iii) ("The Court *may* consider post-sentencing conduct of the defendant that occurred after imposition of the original term of imprisonment in determining . . . whether a reduction in the defendant's term of imprisonment is warranted [and] . . . the extent of such reduction . . . .") (emphasis added).

[11] As noted by the district court at the original sentencing hearing, these details include "a long criminal history, which includes attempted murder, assault, deadly conduct, unlawfully carrying a weapon and evading arrest"; "previous offenses includ[ing] incidents where he has either discharged a firearm in the direction of an intended victim or pointed a firearm at someone"; and the offenses for which he is serving time in prison—"drug trafficking[,] . . . being a felon in possession of a firearm, and possessing a firearm during and in relation to a drug trafficking crime." It was these details that caused the court to sentence Evans at the high end of the then-applicable guideline range at his full resentencing following remand from this court. And despite Evans's considerable strides at reforming himself since then, the facts that led to that original high-end sentence remain.

do so for *granting* his motion but not providing a satisfactorily low enough sentence within the recalculated range.[12] Consequently, Evans has shown no abuse of discretion.

### C.

Evans raises the issue of a miscalculated criminal history score in his original sentencing. "A § 3582(c)(2) motion is not the appropriate vehicle for raising [issues related to the original sentencing]." *United States v. Shaw*, 30 F.3d 26, 29 (5th Cir. 1994). Those are arguments for direct appeal and are not cognizable under § 3582(c)(2). *Id.*

The judgment is AFFIRMED.

---

[12] *See* FED. R. CIV. P. 52(a)(3) ("The court is not required to state findings or conclusions when ruling on a motion under Rule 12 or 56 or, unless these rules provide otherwise, on any other motion.").