# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 12, 2010

No. 08-30889
Conference Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MELVIN LUTCHER, also known as Mel, also known as Big Mel,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:03-CR-338-2

Before GARZA, DENNIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Melvin Lutcher, federal prisoner # 21092-034, appeals from the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a reduction in his sentence. He contends that the denial of his motion was an abuse of discretion because the district court failed to take into consideration the crack/powder disparity and gave too much weight to his prison disciplinary offenses.

We review the decision whether to grant or deny a § 3582(c)(2) motion for an abuse of discretion. *United States v. Evans,* 587 F.3d 667, 672 (5th Cir. 2009).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

A district court is required to consider the sentencing factors set out at 18 U.S.C. § 3553(a) when contemplating a § 3582(c)(2) motion, but it need not explain that it has done so. *Id.* at 673-74. A district court need not provide any reasons at all for denying a § 3582(c)(2) motion. *Id.* at 674. We can assume that a district court has considered any § 3553(a) arguments presented in favor of a sentence reduction. *Id.* at 673.

The district court implicitly considered Lutcher's rehabilitative efforts in prison, *see id.,* and explicitly considered Lutcher's lack of rehabilitative efforts generally. Lutcher, moreover, has a history as a habitual criminal. The denial of Lutcher's § 3582(c)(2) motion was not an abuse of discretion. *See id.* at 672.

AFFIRMED.