# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 16, 2010

Charles R. Fulbruge III
Clerk

No. 08-30662
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

EMILE RUSSELL

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:06-CR-160-3

Before JONES, Chief Judge, and DAVIS and WIENER, Circuit Judges.

PER CURIAM:[*]

Emile Russell, federal prisoner # 29814-034, appeals from the 18 U.S.C. § 3582(c)(2) reduction of his sentence for conspiring to possess with intent to distribute and distributing cocaine base and distributing cocaine hydrochloride from 90 months to 87 months of imprisonment. He argues that since his original sentence was near the bottom of his original guidelines range of 87-108 months of imprisonment, the district court erred by sentencing him at the top of his revised guidelines range of 70-87 months of imprisonment without explicitly

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

considering the 18 U.S.C. § 3553(a) factors or giving a "legally sufficient reason" for the revised sentence.

This court reviews the decision whether to reduce a sentence under § 3582(c)(2) for abuse of discretion. *United States v. Evans*, 587 F.3d 667 (5th Cir. 2009). Reasonableness review, as outlined in *United States v. Booker*, 543 U.S. 220 (2005), is not applicable to § 3582(c)(2) proceedings. *Id*. As this court observed in *Evans*, since "a defendant cannot successfully challenge a district court for failing to provide reasons for *denying* his motion to reduce his sentence, it is axiomatic that he cannot do so for *granting* his motion but not providing a satisfactorily low enough sentence within the recalculated range." *Evans*, 587 F.3d at 674 (emphases in original). The district court was aware of the facts that Russell claims justified a lower sentence. Although Russell deduces from the district court's brevity that it ignored the § 3553(a) factors, "that the court did not mention the § 3553(a) factors when it summarily reduced [his] sentence does not mean that it did not consider them." *Id*. at 673. "The court, which was under no obligation to reduce [Russell's] sentence at all, was under no obligation to reduce it even further within the recalculated range." *Id*.

AFFIRMED.