# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 20, 2010

No. 08-50597
Conference Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MICHAEL MERIDYTH,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:99-CR-36-ALL

Before SMITH, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Michael Meridyth, federal prisoner # 10030-051, appeals the district court's grant of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence based on the amendments to the crack cocaine Guideline. He argues that the reduced sentence imposed by the district court was greater than necessary to achieve the goals of 18 U.S.C. § 3553(a) because his offense of conviction was relatively minor, his sentence would have been much lower if his offense had involved powder cocaine rather than cocaine base, his prior conviction for aggravated

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

battery occurred a very long time ago, he has been rehabilitated while in prison, and he will be employed and have family support upon his release from prison.

We review the district court's decision whether to reduce a sentence under § 3582(c)(2) for an abuse of discretion. *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009), *petition for cert. filed* (Jan. 28, 2010) (No. 09-8939). The district court explicitly considered Meridyth's arguments presented at resentencing and the § 3553(a) factors before it imposed the reduced sentence, which was within the lowered guidelines range. The district court did not abuse its discretion in this case. *See id.*

AFFIRMED.