# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 20, 2010

No. 09-30146
Conference Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

STEVEN RAY JONES,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:03-CR-50032-2

Before SMITH, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Steven Ray Jones, federal prisoner # 11732-035, appeals the district court's grant of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence based on the amendments to the crack cocaine Guideline. Jones contends that the district court abused its discretion by not granting a reduction to the low end of the recalculated guidelines range. He also contends that in light of § 3582(c)(2)'s requirement that district courts consider the factors set forth in 18 U.S.C. § 3553(a), the district court's failure to give reasons for the sentence imposed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

constitutes a significant procedural error or, alternatively, an abuse of discretion.

We review a district court's decision to reduce a sentence for an abuse of discretion and its interpretation of the Sentencing Guidelines de novo. *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009), *petition for cert. filed* (Jan. 28, 2010) (No. 09-8939). In *Evans*, this court noted that because the district court was under no obligation to reduce the defendant's sentence at all, it was under no obligation to reduce the sentence even further within the recalculated range. *Id.* at 673. Further, the district court was not required to give reasons for its granting the defendant's § 3582(c)(2) motion but not selecting "a satisfactorily low enough sentence within the recalculated range." *Id.* at 674. Accordingly, Jones's contentions are foreclosed by *Evans*, and the district court did not abuse its discretion. *See id.* at 672-74.

AFFIRMED.