# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 18, 2010

No. 08-31203
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KEVIN HUFF,

Defendant-Appellant

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:01-CR-8-1

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Kevin Huff, federal prisoner # 27360-034, appeals the district court's order granting his 18 U.S.C. § 3582(c)(2) motion to reduce the 300-month sentence imposed following his conviction in 2001 of conspiracy to possess with intent to distribute cocaine base (crack cocaine) and cocaine, possession with intent to distribute crack cocaine, and possession with intent to distribute cocaine hydrochloride. The district court reduced Huff's sentence to 275 months of imprisonment, which is slightly higher than the amended guidelines range.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Huff argues that the district court committed error when it failed to adequately explain why it rejected the sentencing alternatives Huff provided and when it failed to explain why it reduced the sentence to a sentence above the amended guidelines range. He further argues that the sentence imposed was unreasonable. Huff's arguments are foreclosed by *United States v. Evans*, 587 F.3d 667, 672-74 (5th Cir. 2009), *petition for cert. filed* (Jan. 28, 2010) (No. 09-8939).

Huff also moves the court for leave to file an out of time reply brief because he did not receive a copy of the government's response brief until February 24, 2010. Huff filed his reply brief eight days later; the government has not opposed the motion. Under these circumstances, the motion is granted. In his reply brief, Huff raises the following arguments for the first time on appeal: (1) the district court gave the amended guidelines too much weight, (2) the amended guidelines do not eliminate the sentencing disparity between crack and powder cocaine offenses, (3) resentencings for crack cocaine offenses should be based on a 1:1 ratio, and (4) the Supreme Court's holding in *United States v. Booker*, 543 U.S. 220 (2005), should apply to § 3582(c)(2) proceedings. We decline to consider these arguments because Huff did not raise these arguments in his initial brief. *See United States v. Jimenez*, 509 F.3d 682, 693 n.10 (5th Cir. 2007).

AFFIRMED; MOTION TO FILE OUT OF TIME REPLY BRIEF IS GRANTED.