# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 20, 2010

No. 10-10295
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

HILARIO GONZALEZ-BALDERAS, SR., also known as Hilario Perez, also known as Mr. Perez,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:90-CR-34-6

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Hilario Gonzalez-Balderas, Sr., federal prisoner # 55110-079, appeals the denial of his 18 U.S.C. § 3582(c)(2) motion for reduction of sentence. He argues the district court failed to express its consideration of the 18 U.S.C. § 3553(a) factors, did not articulate reasons for the denial of his motion, the errors are procedural, and his sentence is unreasonable. Gonzalez-Balderas further challenges the reasonableness of his sentence based on the court's failure to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

recalculate his Sentencing Guidelines range. Gonzalez-Balderas now contends that arguments he raised in previous Section 3582(c)(2) motions and appeals in this court are not barred from review under the law of the case doctrine.

The challenges to the procedural reasonableness of the sentence are without merit. The reasonableness standard derived from *United States v. Booker*, 543 U.S. 220 (2005), does not apply in Section 3582(c)(2) proceedings. *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 3462 (2010). Additionally, the district court is not required to provide reasons for its denial of a Section 3582 motion or to explain its consideration of the Section 3553(a) factors. *See id.* at 674.

Gonzalez-Balderas' arguments challenging the calculation of his sentence range are barred by the law-of-the-case doctrine. *See United States v. Matthews,* 312 F.3d 652, 657 (5th Cir. 2002). His argument that the prior decisions were erroneous and work a manifest injustice are conclusory and amount to nothing more than a disagreement with the previous rulings.

Accordingly, the judgment of the district court is AFFIRMED.