# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 22, 2010

No. 10-30029
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

KEVIN M. FERGUSON, also known as Kevin Mercel Ferguson,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Louisiana, Shreveport Division
USDC No. 5:03-CR-50029-1

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Kevin M. Ferguson, federal prisoner # 11703-035, appeals the district court's order granting his motion under 18 U.S.C. § 3582(c)(2) for a reduction of his sentence in light of the recent amendments to the crack cocaine guidelines. Ferguson was sentenced originally to a 328-month term of imprisonment, in the middle of the guidelines sentencing range. Ferguson contends that the district court abused its discretion in reducing his sentence to a 293-month term of imprisonment, at the top of the amended guidelines range.

---

[*]Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

Ferguson argues that the district court failed to consider his lack of a prior criminal history, the remedial nature of the amendments to the crack cocaine guidelines provision, the allegedly unjustified disparity between crack cocaine and powder cocaine, and the fact that he has been in continuous custody for more than seven years.  He also complains that the district court did not give reasons for its sentence.

In *United States v. Evans*, 587 F.3d 667, 672-74 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 3462 (2010), this court held that a district court may summarily grant or deny a § 3582(c)(2) motion without providing reasons.  This court rejected Evans's contention that the district court had abused its discretion in failing to reduce his sentence more, in light of his rehabilitative efforts in prison.  *Id.* at 673.  The court reasoned that the district court, "which was under no obligation to reduce Evans's sentence at all, was under no obligation to reduce it even further within the recalculated range." *Id.* (footnote omitted).  This court found the district court's conclusion "understandable" in light of Evans's extensive criminal history.  *Id.* at 673 & n.11.

Here, although the district court did not state why it chose a sentence at the top of the amended guidelines range, its order denying reconsideration indicates that it considered the entire record.  The record demonstrates that the district court was concerned with the seriousness of Ferguson's offense.  At the sentencing hearing, the district court observed that Ferguson was a "significant part" and "an organizer and/or leader" of the drug distribution enterprise.  Additionally, in rejecting Ferguson's request to be sentenced at the lower end of the guidelines range and imposing the 328-month sentence, the court specifically stated that the sentence was selected after considering Ferguson's personal characteristics and lack of a criminal history and the extreme seriousness of the offense in the movement of 578 grams of crack cocaine across state lines.

On this record, Ferguson cannot show that the district court abused its discretion in imposing a sentence at the top of the amended guidelines range.

No. 10-30029

*See Evans*, 587 F.3d at 672.  Similarly, to the extent Ferguson complains that the district court failed to provide reasons "for granting his motion but not providing a satisfactorily low enough sentence within the recalculated range," he has not shown an abuse of discretion.  *Id*. at 674 (emphasis omitted).

The district court's order is AFFIRMED.