# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40582
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 22, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RICHARD PULIDO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:11-CR-771

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:[*]

Richard Pulido, federal prisoner # 94879-279, is serving a 178-month term of imprisonment following his conviction for conspiracy to possess with intent to distribute more than five kilograms of cocaine. In this appeal, Pulido challenges the district court's denial of a sentence reduction under 18 U.S.C. § 3582(c)(2). He asserts that he was eligible for a reduction pursuant to Amendment 782 to the Sentencing Guidelines and that the district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40582

abused its discretion by sua sponte denying § 3582(c)(2) relief without allowing him the opportunity to be heard.  In particular, Pulido argues that a reduction was warranted because of his post-sentencing rehabilitation efforts and his good prison disciplinary record.  The Government argues that the district court did not abuse its discretion.

When determining whether a reduction in the defendant's term of imprisonment is warranted and the extent of such reduction, the district court "shall consider" both the 18 U.S.C. § 3553(a) factors and "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment."  U.S.S.G. § 1B1.10, comment. (n.1(B)(i)-(ii)).  The district court also "may consider" the defendant's post-sentencing conduct.  § 1B1.10, comment. (n.1(B)(iii)).

In its order denying relief, the district court expressly stated that it had considered the § 3553(a) factors and "the further need to protect the community."  It also indicated that it had "tak[en] into account the policy statement set forth at U.S.S.G. § 1B1.10," which provides that a district court may, but is not required to, consider a defendant's post-conviction conduct.  In sum, the record shows that the district court considered the factors as required by law and therefore it did not abuse its discretion.  *See United States v. Larry,* 632 F.3d 933, 936 (5th Cir. 2011); *United States v. Evans,* 587 F.3d 667, 672 (5th Cir. 2009).

AFFIRMED.