# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60403
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 27, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANDRE FARMER,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:12-CR-166-1

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:[*]

In 2013, Andre Farmer pled guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). On the government's motion, the district court granted Farmer a downward departure for substantial assistance. Thereafter, it sentenced him to forty-eight months of imprisonment and two years of supervised release, with the sentence to run concurrently with an undischarged state court sentence for a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

forgery offense. In December 2014, Farmer moved for a sentence reduction under 18 U.S.C. § 3582(c)(2). The district court denied the motion, and this appeal followed. We review the district court's denial of the motion for an abuse of discretion. *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009).

Farmer argues that Amendment 782 to the sentencing guidelines entitles him to a sentence reduction. An amendment to the guidelines will make a defendant eligible for a sentence reduction only if the defendant was "sentenced to a term of imprisonment based on a sentencing range that [the amendment] lowered." 18 U.S.C. § 3582(c)(2). Amendment 782 lowered by two levels the base offense level for most drug offenses in the drug-quantity table located at U.S.S.G. § 2D1.1(c); those changes lowered the applicable sentencing range for the affected drug offenses. Here, however, Farmer was not convicted of a drug offense, nor was his sentencing range based on the drug-quantity table. He was convicted of being a felon in possession of a firearm, and his sentencing range was calculated under the section of the guidelines that applies to firearms violations. *See* U.S.S.G. § 2K2.1(a)(4)(A). Thus, Farmer was not sentenced "based on a sentencing range that [Amendment 782] lowered." 18 U.S.C. § 3582(c)(2). Hence Amendment 782 does not make Farmer eligible for a sentence reduction. The district court did not abuse its discretion by denying Farmer relief for which he was ineligible.

Farmer also argues that the district court erred by not ordering that he receive proper credit for the time that he was in state custody before he was delivered to federal authorities. But 18 U.S.C. § 3585(b) authorizes only the Attorney General, through the Bureau of Prisons, to determine a prisoner's credits. *See United States v. Wilson*, 503 U.S. 329, 333-35 (1992). "In the event that a prisoner feels he has been improperly refused credit for time he has served in state custody, the prisoner must first 'seek administrative review of

No. 15-60403

the computations of his credit, and, once he has exhausted his administrative remedies, the prisoner may only *then* pursue judicial review of these computations.'" *United States v. Setser*, 607 F.3d 128, 133 (5th Cir. 2010) (quoting *United States v. Dowling*, 962 F.2d 390, 393 (5th Cir. 1992)) (alterations omitted). The district court did not abuse its discretion by denying relief that it had no authority to give.

The judgment of the district court is AFFIRMED.