# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-60629
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 23, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

REGINALD E. GREEN,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:94-CR-1-1

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Reginald E. Green, federal prisoner # 63828-080, is serving a 384-month term of imprisonment for conspiring to possess with the intent to distribute cocaine base and participating in a continuing criminal enterprise. He appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a reduction of sentence based on Amendment 782 to the United States Sentencing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60629

Guidelines, which lowered the base offense levels in the drug quantity table set forth in U.S.S.G. § 2D1.1(c).

Green contends that the district court misapplied the guidelines to arrive at his original sentence by including a four-level role adjustment in his offense-level calculation. In determining the effect of an amendment for purposes of § 3582(c)(2), a defendant's other applicable sentencing adjustments and criminal history remain unchanged. U.S.S.G. § 1B1.10(b)(1), p.s. As Green's argument challenges Green's original sentencing, it is not cognizable under § 3582(c)(2). *See United States v. Evans*, 587 F.3d 667, 674 (5th Cir. 2009).

At his original sentencing, Green was assigned a base offense level of 38 under § 2D1.1(c)(1) because his offense involved 40 kilograms of cocaine base. Under amended § 2D1.1(c)(1), Green's base offense level remains 38. § 2D1.1(c)(1). Because Amendment 782 did not lower Green's applicable guideline range, he was not eligible for a sentence reduction under § 3582(c)(2) and can show no abuse of discretion in the denial of his motion. *See United States v. Henderson*, 645 F.3d 709, 712 (5th Cir. 2011). The judgment of the district court is AFFIRMED.