# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-31063
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 29, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARIO BURTON,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:10-CR-222-12

Before DAVIS, BENAVIDES, and OWEN, Circuit Judges.

PER CURIAM:*

Mario Burton, federal prisoner # 29633-034, appeals the denial of his 18 U.S.C. § 3582 (c)(2) motion to reduce his sentence for conspiracy to possess with intent to distribute cocaine base and cocaine hydrochloride. He argues that the district court gave undue weight to his being on supervised release at the time he committed the instant offense and made an erroneous assessment of his prison disciplinary record in choosing to deny him relief.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-31063

The district court's decision whether to reduce a sentence under § 3582(c)(2) is reviewed for an abuse of discretion, while the court's interpretation of the Sentencing Guidelines is reviewed de novo and its findings of fact for clear error. *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009). The parties do not dispute that Burton is eligible for a reduction pursuant to Amendment 782. When determining whether the specific facts of an eligible prisoner's case warrant a reduction, the district court considers the applicable 18 U.S.C. § 3553(a) factors, the public safety consequences of an earlier release, and the prisoner's post-sentencing conduct. U.S.S.G. § 1B1.10 comment. n.1(B)(i)-(iii); *see United States v. Robinson*, 542 F.3d 1045, 1052 (5th Cir. 2008). The specific facts and circumstances of Burton's case, including his prison disciplinary record, the violent nature of his conduct while incarcerated, and his commission of the instant offense almost immediately after his release to supervision on a prior drug conviction all support the district court's determination that a sentence reduction was unwarranted. Burton has made no showing that the district court's decision was based on a clearly erroneous assessment of the evidence or on issues or factors not within its scope of discretionary powers. *See United States v. Lipscomb*, 299 F.3d 303, 339 (5th Cir. 2002).

AFFIRMED.