# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10552
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**

December 27, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHANTRY CLAY ORTIZ, also known as "Guero,",

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:10-CR-18-1

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:[*]

Chantry Clay Ortiz, federal prisoner # 38006-177, was sentenced to 188 months of imprisonment after pleading guilty to distributing and possessing with intent to distribute a controlled substance. Ortiz moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based on an amendment to the Sentencing Guidelines that lowered the offense levels for most drug-related offenses. The district court denied relief, and Ortiz appeals.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-10552

Section 3582(c)(2) permits courts to modify, in their discretion, a defendant's sentence when the Sentencing Commission has subsequently lowered the applicable sentencing range. The district court may reduce a sentence after considering the factors outlined in 18 U.S.C. § 3553(a) and applicable guideline policy statements. § 3582(c)(2). The denial of a sentence reduction is reviewed for an abuse of discretion. *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009).

A review of the record reveals that, when denying Ortiz's § 3582(c)(2) motion, the district court properly considered the § 3553(a) factors, guideline policy statement, Ortiz's post-sentencing rehabilitative efforts, and Ortiz's prison disciplinary record. *See id.* at 672-73; U.S.S.G. § 1B1.10; § 3582(c)(2). Ortiz has not shown that the district court abused its discretion by denying his § 3582(c)(2) motion. *See Evans*, 587 F.3d at 672-73. Accordingly, we AFFIRM the district court's judgment.