# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 26, 2021

Lyle W. Cayce
Clerk

No. 20-50187
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Samuel Earl Smith,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:18-CR-259-2

Before Jones, Barksdale, and Stewart, *Circuit Judges*.

Per Curiam:*

Samuel Earl Smith pleaded guilty to three counts involving conspiracy to possess, with intent to distribute, and to distribute: at least 500 grams of a mixture or substance containing methamphetamine; at least 500 grams of a mixture or substance containing cocaine; and at least 280 grams of a mixture

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-50187

or substance containing crack cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1). He was sentenced to, *inter alia*, concurrent terms of 300-months' imprisonment on each count.

Smith challenges the court's calculation of his Sentencing Guidelines range, asserting the court erred by: imposing a four-level "organizer or leader" enhancement; and finding the methamphetamine attributed to him qualified as "Ice". *See* U.S.S.G. § 2D1.1(c), Note (C) (defining "Ice" as "a mixture or substance containing d-methamphetamine hydrochloride of at least 80% purity").

As Smith concedes, he did not raise these issues in district court. Because they were not preserved, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, Smith must show a forfeited plain error (clear or obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.* The court did not commit the requisite clear or obvious error for either issue.

First addressed is the four-level enhancement for Smith's being an organizer or leader of a criminal activity involving five or more participants. *See* U.S.S.G. § 3B1.1(a). The presentence investigation report (PSR) details intercepted telephone calls in which Smith either received complaints or solicited feedback about the quality of the cocaine he provided. Smith asserts these facts do not support the court's enhancement because he merely received the complaints without taking any action. Neither party has cited controlling authority from our court addressing whether the receipt of complaints about the quality of the drugs provided supports an "organizer or

leader" enhancement. "We ordinarily do not find plain error when we have not previously addressed an issue." *United States v. Evans*, 587 F.3d 667, 671 (5th Cir. 2009) (internal quotation marks and citation omitted).

Other facts also support the enhancement. Smith does not appear to dispute that his criminal activities involved five or more participants or was otherwise extensive. *See* U.S.S.G. § 3B1.1(a). Smith also directed at least one co-defendant during a part of the conspiracy, and our court has held supervision of even one individual is sufficient to establish eligibility for the enhancement. *See, e.g.*, *United States v. Cooper*, 274 F.3d 230, 247 (5th Cir. 2001). In addition, the PSR suggests Smith was the sole source of supply for his co-defendants; although this should not be the only factor, our court has held it is a relevant factor that can support the enhancement. *See United States v. Haines*, 803 F.3d 713, 744 (5th Cir. 2015).

As noted *supra*, the remaining issue is also reviewed only for plain error: the court's finding the methamphetamine was of sufficient purity to qualify as "Ice", which increased Smith's base offense level. *See* U.S.S.G. § 2D1.1(c), Note (C) (defining "Ice"); *see also* U.S.S.G. § 2D1.1, cmt. n.8(D) ("Drug Conversion Tables"). Smith asserts the PSR's description of the source of the tested methamphetamine is unclear; if the sample did not come directly from his own supplier, Smith claims the link between himself and the sample is insufficiently reliable.

We interpret the PSR's description to mean the sample was obtained from the person who directly supplied Smith. Even if Smith's contrary interpretation is correct, he cannot show the requisite plain error. The PSR described the testing of two samples, the second of which had been seized directly from Smith's supplier. This second sample was determined to be 98% pure, well above the 80%-purity level required to qualify as "Ice".

AFFIRMED.