# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 18, 2022

Lyle W. Cayce
Clerk

No. 21-60666
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CLARENCE LEE,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:11-CR-89-1

Before KING, COSTA, and HO, *Circuit Judges*.

PER CURIAM:*

Clarence Lee, federal prisoner # 16343-043, appeals the extent of the sentence reduction the district court granted under 18 U.S.C. § 3582(c)(2) based upon Amendment 782 to the Sentencing Guidelines. Lee argues that, at his initial sentencing, he was sentenced in the middle of the guidelines

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

sentencing range, and the district court, upon granting his § 3582(c)(2) motion, did not impose a comparable sentence; he asserts that the district court instead sentenced him to the top of the recalculated guidelines range to 210 months of imprisonment.  He contends that the district court should have sentenced him to 188 months, which was the sentence agreed upon by the parties.  Lee also appeals the denial of his oral motion for recusal made pursuant to 28 U.S.C. § 455(a).

The district court considered Lee's motion, the initial and recalculated guidelines ranges, the 18 U.S.C. § 3553(a) sentencing factors, and Lee's post-sentencing conduct.  The court then exercised its discretion and concluded that the pertinent factors weighed in favor of Lee being granted a reduction within the recalculated guidelines range.  *See United States v. Evans*, 587 F.3d 667, 673 (5th Cir. 2009).  Because the district court was not obligated to reduce Lee's sentence at all, the district court did not have to reduce it further than it did within the recalculated guidelines range. *Id.*  Accordingly, Lee has not shown that the district court abused its discretion by not granting him a greater reduction in sentence. *See id.* at 672-73.

When the transcript of the resentencing hearing is reviewed in its entirety, it cannot be said that a reasonable person would doubt the district court judge's impartiality or that bias existed. *See In re Cheveron U.S.A., Inc.*, 121 F.3d 163, 165 (5th Cir. 1997); *Litkey v. United States*, 510 U.S. 540, 555 (1994).  Accordingly, Lee has failed to show that the district court abused its discretion in denying his motion to recuse. *See United States v. Scroggins*, 485 F.3d 824, 829 (2007).  The judgment of the district court is therefore AFFIRMED.