# United States Court of Appeals for the Fifth Circuit

No. 22-30082
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 25, 2022

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DONDURIUS O. SCOTT,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:21-CR-98-1

Before JONES, HAYNES, and OLDHAM, *Circuit Judges*.

PER CURIAM:*

Dondurius O. Scott pleaded guilty to possession of a firearm by a convicted felon. The district court determined that Scott's base offense level was 26 pursuant to U.S.S.G. § 2K2.1(a)(1) because Scott had two prior felony convictions for crimes of violence. The district court sentenced Scott to

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

105 months of imprisonment and three years of supervised release. Scott challenges the district court's calculation of his base offense level under § 2K2.1(a)(1), asserting that his Louisiana conviction for conspiracy to commit second degree murder did not constitute a crime of violence under U.S.S.G. § 4B1.2(a)(1), which defines a crime of violence as having as an element the use, attempted use, or threatened use of physical force against another.

If preserved, we would review Scott's challenge to the application of the sentencing guidelines de novo. *United States v. Jones*, 752 F.3d 1039, 1040 (5th Cir. 2014). As Scott failed to preserve his challenge for appellate review, we will review the issue for plain error only. *See Puckett v. United States*, 556 U.S. 129, 135-36 (2009). When classifying a prior conviction under the sentencing guidelines, courts use the categorical approach and compare the elements of the prior conviction to the elements of a qualifying conviction. *Descamps v. United States*, 570 U.S. 254, 260-61 (2013). When a statute contains divisible, alternative elements, and one or more elements does not correspond to the elements of the qualifying offense, we may use the modified categorical approach and consider certain documents to determine which alternative element formed the basis of the prior conviction. *Id.* at 257, 261-62. Louisiana Revised Statute Annotated § 14:30.1(A) allows that second degree murder may be committed without a specific intent to kill or inflict harm. Under Louisiana Revised Statute Annotated § 14:26, conspiracy requires the specific intent to commit the underlying crime. We have not addressed the interplay between the Louisiana offenses of second degree murder and conspiracy. Accordingly, Scott cannot establish that the district court plainly erred in finding that his 2015 conspiracy conviction was a crime of violence and sentencing him accordingly. *See United States v. Evans*, 587 F.3d 667, 671 (5th Cir. 2009).

AFFIRMED.