# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 24-10458
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
March 13, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

James R. Markwith,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:12-CR-138-1

———————————————————————

Before Davis, Smith, and Higginson, *Circuit Judges*.

Per Curiam:[*]

James R. Markwith, federal prisoner # 12657-049, is currently serving a 240-month sentence following his conviction of one count of transporting and distributing a sexually explicit visual depiction of a minor for importation into the United States.  In the instant matter, he appeals from the district

———————————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

court's denial of his motion for compassionate release filed pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).

Markwith argues that the district court abused its discretion by finding that he failed to establish extraordinary and compelling reasons for compassionate relief under U.S.S.G. § 1B1.13, p.s.  He also argues the district court provided inadequate reasons for finding that he continued to be a danger to the community and incorrectly weighed the 18 U.S.C. § 3553(a) factors when making that determination.

Here, the district court stated that it had reviewed Markwith's motion, the record, and applicable law, and its order demonstrates that it adequately considered his arguments and concluded that consideration of the § 3553(a) factors did not weigh in favor of relief.  *See Concepcion v. United States*, 597 U.S. 481, 502 (2022); *United States v. Evans*, 587 F.3d 667, 673 (5th Cir. 2009).  Thus, the district court provided sufficient reasons or findings that enable this court "to exercise [its] review function." *United States v. Stanford*, 79 F.4th 461 (5th Cir. 2023).

In its order, the district court made clear that it would deny compassionate release based on its balancing of the § 3553(a) factors even if Markwith had established extraordinary and compelling reasons for compassionate release.  His disagreement with the district court's weighing of the § 3553(a) factors does not establish an abuse of discretion. *See United States v. Chambliss*, 948 F.3d 691, 693-94 (5th Cir. 2020).  Because Markwith has not shown an abuse of discretion in the district court's denial of relief based on the § 3553(a) factors, we need not consider his arguments concerning extraordinary and compelling reasons or the district court's failure to consider an applicable policy statement. *See id.*; *United States v. Jackson*, 27 F.4th 1088, 1092-93 n.8 (5th Cir. 2022).

AFFIRMED.