# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 13, 2025

Lyle W. Cayce
Clerk

No. 24-10599
Summary Calendar

———————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Hugo Cordoba,

*Defendant—Appellant*.

———————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:11-CR-96-15

———————————

Before Haynes, Higginson, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Hugo Cordoba, federal prisoner # 43284-177, appeals from the denial of his 18 U.S.C. § 3582(c)(1)(A)(i) motion for compassionate release. In his motion, he contended that extraordinary and compelling circumstances existed insofar as his 263-month sentence was "unusually long" under U.S.S.G. § 1B1.13(b)(6), p.s. (2023), and that he had been rehabilitated in

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

prison.  In denying relief, the district court found that Cordoba failed to demonstrate extraordinary and compelling circumstances because there was no "gross disparity between the sentence being served and the sentence likely to be imposed" at the time he filed his motion.  § 1B1.13(b)(6).  On appeal, Cordoba argues that the district court erred by failing to consider his arguments that he had been rehabilitated in prison.

We review the denial of Cordoba's § 3582(c)(1)(A)(i) motion for an abuse of discretion.  *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).  The district court expressly commended Cordoba's rehabilitation efforts in its order denying relief but noted that "[r]ehabilitation of a defendant is not an extraordinary and compelling reason standing alone . . . in determining whether relief is warranted."  Because Cordoba failed to demonstrate that his sentence was "unusually long" under § 1B1.13(b)(6), and he cited no circumstance that could be considered extraordinary and compelling, the district would have committed no legal error in failing to expressly consider his rehabilitation arguments.  *See* U.S.S.G. § 1B1.13(d), p.s. (2023).  Cordoba's argument that Amendment 782 to the Sentencing Guidelines would have reduced his guidelines range sentence is unavailing, because if he had been sentenced today, his guidelines range sentence would have been 262 to 327 months; his 263-month sentence is already at the low end of the revised guidelines range.

Although the district court did not explicitly address the specifics of Cordoba's rehabilitation arguments, we can assume from the district court's discussion of rehabilitation that the court considered his arguments in denying his motion.  *See United States v. Batiste*, 980 F.3d 466, 479 (5th Cir. 2020) ("[T]he district court [is] not required to provide reasons or explain its consideration of the § 3553(a) factors, and . . . there [is] no abuse of discretion where the relevant arguments were before the court when it made its resentencing determination."); *United States v. Evans*, 587 F.3d 667, 673

No. 24-10599

(5th Cir. 2009).  Finally, to the extent that Cordoba argues that the district court erred by failing to consider his rehabilitation in connection with the balancing of the 18 U.S.C. § 3553(a) factors, the court did not deny relief based on a balancing of the § 3553(a) factors and it was not necessary for it to do so in light of its dispositive determination that Cordoba failed to demonstrate extraordinary and compelling circumstances.  *See United States v. Jackson*, 27 F.4th 1088, 1093 n.8 (5th Cir. 2022).

Because Cordoba fails to demonstrate that the district court abused its discretion in denying his motion for compassionate release based on its finding that he failed to establish extraordinary and compelling circumstances, the district court's decision is AFFIRMED.  *See Chambliss*, 948 F.3d at 693.