# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 25-30506
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

May 14, 2026

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Michael Celestine,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:24-CR-92-1

———————————————————————

Before King, Haynes, and Ho, *Circuit Judges*.

Per Curiam:[*]

Michael Celestine appeals his conviction for possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1). He contends that the statute violates the Second Amendment on its face and as applied to him, that recent interpretations of it in the Second Amendment context have rendered it unconstitutionally vague, and that it exceeds Congress's authority under

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-30506

the Commerce Clause.  He is correct that these arguments are foreclosed. *See United States v. Diaz*, 116 F.4th 458, 471-72 (5th Cir. 2024), *cert. denied*, 145 S. Ct. 2822 (2025); *United States v. Schnur*, 132 F.4th 863, 870-71 (5th Cir. 2025); *United States v. Landrum*, 168 F.4th 771, 772-75 (5th Cir. 2026); *United States v. Alcantar*, 733 F.3d 143, 145-46 (5th Cir. 2013).

Additionally, Celestine asks us to vacate his conviction because the case-by-case application of § 922(g)(1) in the Second Amendment context violates separation of powers principles.  We have not previously addressed this issue, however, and find no clear or obvious error as is necessary to establish plain error.  *See United States v. Evans*, 587 F.3d 667, 671 (5th Cir. 2009); *Puckett v. United States*, 556 U.S. 129, 135 (2009).

AFFIRMED.