# United States Court of Appeals for the Fifth Circuit

_____

No. 25-50626
Summary Calendar
_____

United States Court of Appeals
Fifth Circuit

**FILED**
June 1, 2026

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Christopher Joseph Mata,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:25-CR-32-1

_____

Before Richman, Southwick, and Willett, *Circuit Judges*.

Per Curiam:[*]

Christopher Joseph Mata appeals the sentence imposed following his guilty plea conviction for threatening or conveying false information concerning an attempt to damage or destroy a building by means of an explosive. He argues that the district court erred in applying an enhancement

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

under U.S.S.G. § 2A6.1(b)(4) based on its finding that the offense caused substantial disruption or expenditure.

The Government contends that Mata waived his objection to the enhancement. Mata argues that he merely failed to object and did not make an affirmative choice to waive his objection to the enhancement. Mata did not file written objections to the presentence report or make an objection at the sentencing hearing. When the district court stated that it was considering imposing an above-guidelines variance and offered to give Mata's counsel more time to prepare, counsel responded that he was ready to continue. The record indicates Mata's counsel merely failed to object to the enhancement and did not waive the issue. *See United States v. Cabello*, 33 F.4th 281, 295-96 (5th Cir. 2022). Because the issue was forfeited, it is reviewed for plain error. *See id.* at 295.

We have not addressed what constitutes a "substantial disruption of public, governmental, or business functions or services," "substantial expenditure of funds," or what evidence is sufficient to support a § 2A6.1(b)(4) enhancement. Therefore, Mata has not shown that the district court made a clear or obvious error in applying the enhancement. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *see also United States v. Evans*, 587 F.3d 667, 671 (5th Cir. 2009).

AFFIRMED.