# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 21, 2012

Lyle W. Cayce
Clerk

No. 12-10137
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JASON RICHARD RANSOM,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:05-CR-11-1

Before SMITH, DeMOSS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jason Richard Ransom, federal prisoner # 33569-177, was sentenced to 270 months in prison following his plea of guilty to possession with intent to distribute a controlled substance, conspiracy to possess with intent to distribute a controlled substance, and possessing a firearm in furtherance of the commission of a drug trafficking crime. Following amendments to the Sentencing Guidelines that lowered the offense levels for crack cocaine offenses, the district court granted a motion by Ransom pursuant to 18 U.S.C. § 3582(c)(2)

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and reduced his sentence to a total of 235 months of imprisonment. Ransom now appeals.

In his initial brief, Ransom argued that the district court erred by ruling on his sentence reduction without providing him with a copy of the presentence worksheet, which the district court relied on when deciding his motion. While his appeal was pending, this court granted Ransom's motion to review the report. After Ransom reviewed the report, he filed a motion to supplement his appellate brief, which this court also granted. Because Ransom received and reviewed the relevant report and was permitted to supplement his challenges on appeal, we will address his challenges to the district court's grant of his § 3582(c)(2) motion.

Section 3582(c)(2) permits the discretionary modification of a defendant's sentence in certain cases where the sentencing range has been subsequently lowered by the Sentencing Commission. *See United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009). In such cases, the district court may reduce a sentence after considering the applicable factors under 18 U.S.C. § 3553(a) and the applicable guideline policy statements. § 3582(c)(2). The district court's determination of whether to reduce a sentence is reviewed for an abuse of discretion. *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009).

A review of the record reveals that, when granting Ransom's § 3582(c)(2) motion, the district court properly considered the § 3553(a) factors, guideline policy statements, Ransom's self-improvement achievements, and Ransom's lack of disciplinary incidents. *See Evans*, 587 F.3d at 672-73; U.S.S.G. § 1B1.10; § 3582(c)(2). Ransom has not shown that the district court abused its discretion in granting his § 3582(c)(2) motion. *See Evans*, 587 F.3d at 672-73.

AFFIRMED.