# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 4, 2013

Lyle W. Cayce
Clerk

No. 12-30370
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KEITH SMITH, also known as Keith Cornell Smith,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:03-CR-235-1

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Keith Smith, federal prisoner # 28510-034, appeals the district court's order granting his motion under 18 U.S.C. § 3582(c)(2) for a reduction of his sentence in light of the recent amendments to the crack cocaine guidelines. Smith was sentenced, after a guilty plea conviction on two counts of distributing 50 grams or more of crack cocaine, to 262 months of imprisonment. The district court reduced his sentence to 236 months of imprisonment following a 2008 § 3582(c)(2) motion. In 2011, the district court granted Smith's second

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 3582(c)(2) motion, reducing Smith's sentence to 210 months of imprisonment, the high end of the revised guidelines range.  Smith sought reconsideration, which the district court denied, and this appeal followed.

Smith argues that the district court abused its discretion in declining to grant him a larger sentence reduction.  Noting that the district court initially sentenced him at the bottom of his original guidelines range because of the severity of the crack cocaine guidelines, Smith asserts that the district court's assessment of the evidence was clearly erroneous in light of these concerns and Smith's efforts at self-improvement in prison.

Although § 3582 permits a defendant to move, under certain circumstances, for discretionary modification of his sentence if it was based on a sentencing range that the Sentencing Commission later lowered, the reductions are not mandatory.  *See* § 3582(c)(2); *United States v. Doublin*, 572 F.3d 235, 237-38 (5th Cir. 2009); U.S.S.G. § 1B1.10, p.s.  We review the district court's order for an abuse of discretion.  *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009).

Although the district court did not state why it chose a sentence at the top of the amended guidelines range, it did state that it had considered Smith's motion, the policy statement at USSG §1B1.10, and the 18 U.S.C. § 3553(a) sentencing factors.  In imposing the original sentence, the court had explained, "I impose the bottom of the guidelines range in consideration of the severity of the guidelines for crack cocaine."  The record reflects that Smith had prior convictions for battery and cocaine distribution, and that he was on parole for a prior drug conviction at the time of the offense.  In light of the changes to the guidelines to reduce the severity which concerned the district court originally, and Smith's prior criminal conduct, Smith has not shown that the district court abused its discretion in imposing a sentence at the top of the amended guidelines range. *See Evans*, 587 F.3d at 672-673. The district court's order is AFFIRMED.