# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 26, 2013

Lyle W. Cayce
Clerk

No. 13-30053
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RICHARD RANDALE JACKSON,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 5:04-CR-50134-3

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Richard Randale Jackson, federal prisoner # 12259-035, appeals the denial of his 18 U.S.C. § 3582(c)(2) motion for sentence modification pursuant to the Fair Sentencing Act and Amendment 750 to the Sentencing Guidelines. Jackson challenges the drug quantity determination that was made at his original sentencing. He also contends that the district court found at his original sentencing hearing that he was responsible for 1.5 kilograms of crack cocaine and that this quantity results in a reduction under the amended Guidelines. He

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

relies upon *United States v. Booker*, 543 U.S. 220 (2005), and *Kimbrough v. United States*, 552 U.S. 85 (2007), and contends that resentencing is warranted in his case due to the disparity in sentencing among offenses involving cocaine and crack cocaine.

Section 3582(c)(2) permits the discretionary modification of a defendant's sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." § 3582(c)(2); U.S.S.G. § 1B1.10(a)(1) (2012). The district court's decision whether to reduce a sentence under § 3582(c)(2) is reviewed for an abuse of discretion. *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009).

Jackson's reliance on *Booker* and *Kimbrough* is misplaced, as § 3582(c)(2) only applies to amendments that result in lowering a defendant's guidelines range. *See Dillon v. United States*, 130 S. Ct. 2683, 2691-94 (2010); § 1B1.10(a)(2)(B). Moreover, the district court at sentencing determined that Jackson was responsible for more than 40 kilograms of cocaine base. Accordingly, Jackson's base offense level of 38 is not modified by Amendment 750, because the amendment results in a base offense level of 38 for offenses involving "8.4 KG or more of Cocaine Base." § 2D1.1(c)(1) (2012). Jackson's remaining arguments are simply an attempt to relitigate drug quantity. Issues that relate to original sentencing determinations may not be relitigated in a § 3582(c)(2) proceeding. *Evans*, 587 F.3d at 674.

AFFIRMED.