UNITED STATES of America,
Plaintiff–Appellee

v.

Mack Arthur BOWENS, Defendant–
Appellant.

No. 13–60398.

United States Court of Appeals,
Fifth Circuit.

June 19, 2014.

William Chadwick Lamar, Assistant U.S. Attorney, U.S. Attorney's Office, Oxford, MS, for Plaintiff–Appellee.

Mack Arthur Bowens, Yazoo City, MS, pro se.

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM: *

Mack Arthur Bowens, federal prisoner # 10964–042, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a reduction in sentence based on Amendment 750 to the Sentencing Guidelines. He argues that the district court abused its discretion by denying his § 3582(c)(2) motion because the guidelines amendment at issue lowered his sentencing range, because the denial infringes his equal protection rights, and because the denial results in an unwarranted sentencing disparity.

We review a district court's decision to reduce a sentence under § 3582(c)(2) for abuse of discretion, while we consider the district court's interpretation of the Guidelines de novo. *United States v. Evans,* 587 F.3d 667, 672 (5th Cir.2009). Because Amendment 750 did not lower Bowens's guidelines range, the district court did not abuse its discretion by denying the motion. *See Dillon v. United States,* 560 U.S. 817, 826, 130 S.Ct. 2683, 177 L.Ed.2d 271 (2010). Assuming arguendo that an equal protection claim may be considered in § 3582(c) proceedings, this claim fails because the cases on which Bowens relies for this argument are materially distinguishable from his insofar as they involved defendants whose guidelines ranges were lowered. *See Sonnier v. Quarterman,* 476 F.3d 349, 367 (5th Cir.2007); § 3582(c)(2). Finally, his argument that the denial of his motion resulted in an unwarranted sentencing disparity is inapt because this factor is not at play in proceedings, such as these, involving a defendant whose guidelines range is unchanged by an amendment. *See Dillon,* 560 U.S. at 826, 130 S.Ct. 2683.

AFFIRMED.

* Pursuant to 5TH CIR R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.