# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-20103
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 21, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FRANCISCO RODRIGUEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CR-744-1

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Francisco Rodriguez appeals the denial of his 18 U.S.C. § 3582(c)(2) motion for a reduction of sentence in which he argued that he was entitled to a sentence reduction under Amendment 782 to U.S.S.G. § 2D1.1. The government moves for summary affirmance and, alternatively, for an extension of time to file its brief.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-20103

The district court correctly determined that Rodriguez was ineligible for a sentence reduction based on the drug quantity; thus, contrary to Rodriguez's argument, the district court was not required to determine whether to grant him a reduction in consideration of the 18 U.S.C. § 3553(a) factors. *See Dillon v. United States*, 560 U.S. 817, 827 (2010). When Rodriguez was sentenced, 1.5 kilograms or more of "ice" methamphetamine triggered the highest base offense level, 38. U.S.S.G. § 2D1.1(c)(1) (2012). Amendments 782 and 788 retroactively lowered the base offense levels in Section 2D1.1(c)(1). *See* U.S. Sentencing Guidelines Manual, supp. app. C, amend. 782 at 64–74, amend. 788, at 86–88 (Nov. 1, 2014). Under the retroactive, amended version of Section 2D1.1(c)(1), 4.5 kilograms or more of ice triggers the highest base offense level, 38. U.S.S.G. § 2D1.1(c)(1). Rodriguez was held accountable for 4.97 kilograms of ice. Because Rodriguez was responsible for more than the quantity of ice that triggers the highest base offense level under the retroactive, amended version of Section 2D1.1(c)(1), Amendments 782 and 788 did not change his offense level or lower his guidelines range, and the district court did not abuse its discretion in denying him a sentence reduction under Section 3582(c)(2). *See* U.S.S.G. § 1B1.10(a)(2)(B); *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009).

The judgment of the district court is AFFIRMED. The government's motion for summary affirmance is GRANTED, and the government's alternative motion for an extension of time to file its brief is DENIED as moot.