# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10451
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 13, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GIOVANNI TERAN,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:08-CR-118-2

Before STEWART, Chief Judge, and DENNIS and GRAVES, Circuit Judges.

PER CURIAM:[*]

Giovanni Teran, federal prisoner # 36980-177, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for reduction of sentence, in which he argued that Amendment 782 to the Sentencing Guidelines should be retroactively applied to reduce his advisory guidelines range. The district court held that Teran was not entitled to a reduction because the drug quantity for which he was sentenced would result in the same base offense level after

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-10451

the amendment.  Teran argues the district court should have recalculated the relevant drug quantity by considering only the amounts of methamphetamine discussed at trial and by determining that the drugs seized at the time of his arrest constituted a mixture of methamphetamine, rather than actual methamphetamine.  In addition, Teran argues that he should not have received a two-level firearm enhancement because there was no jury finding regarding the weapon, in violation of *Alleyne v. United States*, 133 S. Ct. 2151 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

We review the district court's decision whether to reduce a sentence under § 3582(c)(2) for an abuse of discretion.  *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009).  Section 3582(c) is not a substitute for a direct appeal.  By virtue of its plain language, the statute applies only to reductions in sentence arising from a lowering of the sentencing range by the Sentencing Commission.  § 3582(c)(2).  Consequently, § 3582(c)(2) is not the appropriate vehicle for Teran to challenge the district court's drug quantity finding or the propriety of the firearm enhancement, and those claims are simply not cognizable on review of the denial of a motion to reduce sentence.  *See Dillon v. United States*, 560 U.S. 817, 826, 831 (2010).

Based on the foregoing, Teran has not shown that the district court abused its discretion denying his § 3582(c)(2) motion.  *See Evans*, 587 F.3d at 672.  Accordingly, the judgment of the district court is AFFIRMED.