# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-50143
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 22, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN PABLO SERRANO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:14-CR-456-1

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:[*]

Juan Pablo Serrano pleaded guilty to illegal reentry following removal, in violation of 8 U.S.C. § 1326. His presentence report reflected a base offense level of eight, which was reduced by three levels under U.S.S.G. § 3E1.1 for acceptance of responsibility and increased by eight levels under § 2L1.2(b)(1)(C) because he had been deported previously after being convicted of an aggravated felony. The district court imposed a within-guidelines

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50143

sentence of 38 months imprisonment followed by a three-year term of supervised release. Serrano did not object to the sentence but timely filed a notice of appeal.

On appeal, Serrano challenges only his sentence, contending that the district court erred by applying the eight-level increase to his base offense level under § 2L1.2(b)(2)(C). He argues that his prior Ohio conviction for grand theft of a motor vehicle, in violation of Ohio Rev. Code § 2913.02, does not qualify as an aggravated felony within the meaning of U.S.S.G. § 2L1.2(b)(1)(C).

The government contends that Serrano did not preserve this issue for appeal. "To preserve an issue for review on appeal, the defendant's objection must fully apprise the trial judge of the grounds for the objection so that evidence can be taken and argument received on the issue." *United States v. Musa*, 45 F.3d 922, 924 n.5 (5th Cir. 1995). "A party must raise a claim of error with the district court in such a manner so that the district court may correct itself and thus . . . obviate the need for our review." *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). Here, in both his sentencing memorandum and at sentencing, Serrano raised factual challenges to some of the offenses included in his criminal history—although, notably, not to his Ohio theft conviction—but did not object to the application of the eight-level enhancement. He did state, at one point, "[I]n my criminal record, there are no aggravated convictions," but he made this comment in the context of his factual challenge to his criminal history. Moreover, even when district court noted that "there is a difference between criminal history category and the plus 8 enhancement" and asked specifically about the "[p]lus 8 enhancement," Serrano and his counsel both focused on his criminal history. Serrano's passing statement that he had no aggravated convictions was insufficient to apprise

2

the district court of a dispute over the applicability of the enhancement. *See Musa*, 45 F.3d at 924 n.5. Thus, we review for plain error.

We will not correct an error that the defendant failed to raise in the district court unless there is "(1) error, (2) that is plain, and (3) that affects substantial rights." *United States v. Mares*, 402 F.3d 511, 520 (5th Cir. 2005). Even if all three conditions are satisfied, we have discretion to correct the error "only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.*

Whether a theft conviction under Ohio Rev. Code § 2913.02 qualifies as an aggravated felony is an issue of first impression for this court. When we have not previously addressed an issue, we ordinarily do not find plain error. *United States v. Evans*, 587 F.3d 667, 671 (5th Cir. 2009). Furthermore, Serrano has not addressed why the purported error would be clear or obvious, nor has he made any argument as to why we should exercise our discretion in this case. Thus, we conclude that Serrano has failed to carry his burden as to either the second or fourth prong of plain error review. *See, e.g.*, *United States v. Williams*, 620 F.3d 483, 496 (5th Cir. 2010) (concluding that a "single sentence of argument" as to the fourth prong was "insufficient to demonstrate that the alleged error affected the fairness, integrity, or public reputation of judicial proceedings"). Serrano has failed to show that the district court committed reversible plain error.

The judgment of the district court is AFFIRMED.