# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

———————

No. 15-51057
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
June 14, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHARLES CHRISTOPHER MINCY, also known as Charles Mincy,

Defendant-Appellant

———————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:13-CR-5-1

———————

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:*

Charles Christopher Mincy, federal prisoner # 09002-380, moves to proceed in forma pauperis (IFP) to appeal the denial of his 18 U.S.C. § 3582(c)(2) motion for reduction of his felon-in-possession-of-a-firearm sentence, arguing that Amendment 784 to the Sentencing Guidelines should be retroactively applied to reduce his advisory guidelines range.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-51057

By moving for IFP, Mincy is challenging the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 219–20 (5th Cir. 1983) (internal quotation marks and citation omitted). We review the district court's decision whether to reduce a sentence under § 3582(c)(2) for an abuse of discretion, while the court's interpretation of the Guidelines is reviewed de novo and its findings of fact for clear error. *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009).

Amendment 784 amended U.S.S.G. § 2K2.1(c)(1), which was inapplicable to the calculation of Mincy's guidelines range. U.S. Sentencing Guidelines Manual, supp. to app. C, Amendment 784, at 77 (2015). Insofar as the amendment clarified what constituted relevant conduct for a § 2K2.1(b)(6)(B) enhancement, Mincy's offense level did not run afoul of that clarification. Mincy has not shown that his appeal involves a nonfrivolous issue. *See Howard*, 707 F.2d at 220. Because the appeal is frivolous, it is dismissed. *See* 5TH CIR. R. 42.2; *Baugh*, 117 F.3d at 202 & n. 24.

IFP DENIED; APPEAL DISMISSED.