# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 16-20096
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 14, 2016

Lyle W. Cayce
Clerk

———————

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROQUE URDIALES GARCIA, also known as El Profe, also known as Roberto,

Defendant-Appellant

———————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:89-CR-232-3

———————

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Roque Urdiales Garcia, federal prisoner # 49905-079, appeals the district court's denial of his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), arguing that the district court abused its discretion because it did not explain its decision, because it found he was not eligible for a sentence reduction under Amendment 782, and because it did not consider whether a reduction was warranted under the 18 U.S.C. § 3553(a) factors.

———————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-20096

Garcia has not shown that the district court abused its discretion in denying his § 3582(c)(2) motion.  The district court correctly determined and explained that Garcia was not eligible for a sentence reduction due to the amount of drugs involved in the drug trafficking offenses.  Under the 1987 Sentencing Guidelines in effect when Garcia committed the offenses, his base offense level was 36 because the offenses involved the equivalent of 32.2 kilograms of heroin.  Even after Amendment 782, Garcia's base offense level remained at level 36.  *See* U.S.S.G. App. C, Amend. 782 (Nov. 2014); U.S.S.G. § 1B1.10(d).  Because Amendment 782 did not have the effect of lowering Garcia's offense level, the district court did not abuse its discretion in denying his § 3582(c)(2) motion.  *See Dillon v. United States*, 560 U.S. 817, 826-27 (2010).  Further, the district court was not required to give a more detailed explanation of its decision.  *See United States v. Evans*, 587 F.3d 667, 674 (5th Cir. 2009).

AFFIRMED.