# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-20153
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 14, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JORGE LOUIS JAIME QUINTANA, true name Jorge Louis Jaimes-Quintana,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:91-CR-71-1

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jorge Louis Jaime Quintana, federal prisoner # 59133-079, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion, in which he sought a reduction of his sentence for conspiracy to possess with the intent to distribute more than five kilograms of cocaine. He contends that Amendment 591 should be applied retroactively in his case. He argues that, under Amendment 591, his base offense level should have been determined by

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-20153

U.S.S.G. § 2D1.4 rather than U.S.S.G. § 2D1.1. He further asserts that, at the time of his sentencing, his conspiracy conviction was not covered by a specific offense guideline and that U.S.S.G. § 2X1.1 was the appropriate section for his offense. Jaime Quintana argues that, under § 2X1.1, he is entitled to a three-level reduction in his offense level.

We review for abuse of discretion a district court's decision whether to reduce a sentence pursuant to § 3582(c)(2). *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009). At the time of the original sentencing proceeding, Jaime Quintana's sentence was calculated under § 2D1.4 and § 2D1.1. The record shows that he was ineligible for a sentence reduction under § 3582(c)(2) because Amendment 591 did not lower his offense level; under Amendment 591, his offense level was calculated under § 2D1.1. Thus, the district court did not abuse its discretion in denying his motion. *See Dillon v. United States*, 560 U.S. 817, 826 (2010).

The judgment of the district court is AFFIRMED. Jaime Quintana's motion for expedited treatment of the appeal is DENIED.