# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40053
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 2, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

MICHAEL JOSEPH DERROW,

Defendant–Appellant.

Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 9:98-CR-6-9

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Michael Derrow, federal prisoner # 03199-286, appeals the denial of his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-40053

18 U.S.C. § 3582(c)(2) motion for a reduction of sentence. He claims that the district court abused its discretion because he was entitled to a reduction of his sentence under Amendments 591, 706, and 782 to the Sentencing Guidelines. He also contends that the court failed to take notice of the commentary to U.S.S.G. § 1B1.10, and he challenges the reliability of the information in the Presentence Report.

We review for abuse of discretion a decision whether to reduce a sentence pursuant to § 3582(c)(2). *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009). Amendments 591 and 782 did not have the effect of lowering Derrow's guideline range. Under the law-of-the-case doctrine, Derrow's claim concerning Amendment 706 is barred from consideration because it was denied by the district court in a prior § 3582 motion and was rejected by this court on appeal. *See United States v. Matthews*, 312 F.3d 652, 657 (5th Cir. 2002). Further, there is no indication that the court failed to consider whether Derrow's guideline range was altered by the amendments. Moreover, the sentencing court is not required to provide reasons for its denial of a § 3582 motion. *See Evans*, 587 F.3d at 674. Finally, Derrow's theories regarding the validity of the original sentence are not cognizable in a § 3582(c)(2) motion. *See United States v. Hernandez*, 645 F.3d 709, 712 (5th Cir. 2011).

The district court did not abuse its discretion. *See Dillon v. United States*, 560 U.S. 817, 826–27 (2010). Accordingly, the government's motion for summary affirmance is GRANTED, and the judgment is AFFIRMED. The motion for partial summary dismissal is DENIED. The alternative motion for an extension of time is DENIED. Derrow's motion to file an out-of-time response is GRANTED. All other outstanding motions are DENIED.