# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———

No. 16-40777
Summary Calendar

———

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

EDGAR GONZALEZ-PINA,

Defendant - Appellant

———

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:15-CR-1153-6

———

United States Court of Appeals
Fifth Circuit
**FILED**
February 2, 2017
Lyle W. Cayce
Clerk

Before BARKSDALE, GRAVES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Defendant Edgar Gonzalez-Pina was convicted of one count of possession, with intent to distribute, more than 100 kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B). Gonzalez pled guilty without a plea agreement. He unsuccessfully sought a downward departure pursuant to Guideline § 5K2.12 on the basis of his uncorroborated assertion that he had been kidnapped, threatened at gunpoint, and forced to transport drugs into the

———

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 16-40777

United States. He was sentenced at the bottom of the advisory sentencing range under the Sentencing Guidelines to 30 months' imprisonment.

Gonzalez presents two issues: the Government made an improper comment at sentencing regarding the truthfulness of Gonzalez' duress claim; and, as a result, the court erred in denying his downward-departure request. Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 48–51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Because Gonzalez did not raise either issue in district court, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, Gonzalez must show a forfeited, plain (clear or obvious) error that affected his substantial rights. *E.g.*, *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does so, we have the discretion to correct the reversible plain error, but should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.* "Even where the argument requires only extending authoritative precedent, the failure of the district court to do so cannot be plain error." *United States v. Evans*, 587 F.3d 667, 671 (5th Cir. 2009) (internal quotation marks and citations omitted).

No. 16-40777

At sentencing, the court heard argument regarding Gonzalez' request for a § 5K2.12 duress-departure. Gonzalez' counsel reiterated his kidnapping account. The Government responded, "we believe that the story as to how [Gonzalez] got there is—is not truthful. I'm of that opinion". Because Gonzalez' co-defendants "admitted to their involvement in this [offense] in terms of being paid to smuggle marijuana", the Government contended Gonzalez was "an outlier" and there was nothing "to corroborate his—his story of duress other than his self-serving statements". The court denied the requested § 5K2.12 departure.

"A prosecutor is confined *in closing argument* to discussing properly admitted evidence and any reasonable inferences or conclusions that can be drawn from that evidence." *United States v. Ceballos*, 789 F.3d 607, 624 (5th Cir. 2015) (emphasis added) (alteration and internal quotation marks omitted) (quoting *United States v. Reagan*, 725 F.3d 471, 492 (5th Cir. 2013), *cert. denied*, 134 S. Ct. 1514 (2014)). "Except to the extent the prosecutor bases any opinion on the evidence in the case, he may not express his personal opinion on the merits of the case or the credibility of witnesses." *Id.* (internal quotation marks omitted) (quoting *United States v. Alaniz*, 726 F.3d 586, 616 (5th Cir. 2013)). Here, however, the Government made the challenged comment at sentencing after the guilty plea.

Although Gonzalez challenges the Government's comment at sentencing, he relies exclusively on precedent governing comments to the jury during closing argument. *See, e.g.*, *Ceballos*, 789 F.3d at 624. Because he concedes the lack of existing authority extending these trial standards to sentencing, he fails to establish the requisite clear or obvious error for the purposes of our plain-error review. *See Evans*, 587 F.3d at 671; *United States v. Salinas*, 480 F.3d 750, 756 (5th Cir. 2007).

No. 16-40777

Regarding Gonzalez' second issue, we lack jurisdiction over a challenge to the court's determination that a § 5K2.12 departure was not warranted, and Gonzalez fails to adequately brief any other procedural or substantive error in connection with his sentence. *See Alaniz*, 726 F.3d at 627 (lack of jurisdiction to determine unwarranted departure); *United States v. Scroggins*, 599 F.3d 433, 446–47 (5th Cir. 2010) (inadequate briefing).

AFFIRMED.