# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10406
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 1, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ADRIAN ESTABAN SANCHEZ HEREDIA,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:02-CR-396-1

Before OWEN, ELROD, and COSTA, Circuit Judges.

PER CURIAM:[*]

Adrian Estaban Sanchez Heredia pleaded guilty to conspiracy to possess cocaine with intent to distribute, in violation of 21 U.S.C. § 846, and was sentenced to 262 months of imprisonment and five years of supervised release. Sanchez Heredia filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c). The district court granted the motion and found that the amended guidelines range was 168 to 210 months. However, the court reduced Sanchez

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-10406

Heredia's sentence to 240 months of imprisonment. The court denied his request to proceed in forma pauperis (IFP) on appeal, certifying that the appeal was not taken in good faith.

Sanchez Heredia now moves this court for leave to proceed IFP. By moving to proceed IFP in this court, Sanchez Heredia challenges the district court's certification that his appeal is not in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). To proceed IFP, Sanchez Heredia must demonstrate financial eligibility and a nonfrivolous issue for appeal. *See* FED. R. APP. P. 24(a); *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). In determining whether a nonfrivolous issue exists, this court's inquiry "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). If this court upholds the district court's certification that the appeal is not taken in good faith, the appellant must pay the filing fee or the appeal will be dismissed for want of prosecution. *Baugh*, 117 F.3d at 202. Alternatively, "where the merits are so intertwined with the certification decision as to constitute the same issue," the court may deny the IFP motion and dismiss the appeal sua sponte if it is frivolous. *Id.* at 202 & n.24; *see* 5TH CIR. R. 42.2.

Sanchez Heredia's sole issue for appeal is frivolous. While he argues that a district court may not reduce a defendant's sentence to a term outside the amended guidelines range, U.S.S.G. § 1B1.10(b)(2)(A) is silent about the district court's ability to impose a sentence higher than the amended guidelines range. Rather, it provides that "the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range." § 1B1.10(b)(2)(A). In fact, a district court has no obligation to reduce a defendant's sentence, even if the defendant is eligible for a

reduction. *See United States v. Evans*, 587 F.3d 667, 673 (5th Cir. 2009). Sanchez Heredia does not cite any authority for his position that the district court erred by imposing a sentence of 240 months, above the amended guidelines range. Thus, Sanchez Heredia failed to raise any legal issues arguable on their merits.

IFP MOTION DENIED; APPEAL DISMISSED.