# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

———————

No. 17-10209
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

September 1, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LUIS BERNY-ESTRADA,

Defendant-Appellant

———————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:15-CR-18-1

———————

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Luis Berny-Estrada, federal prisoner # 53849-177, was convicted of illegal reentry and was sentenced to 37 months of imprisonment and three years of supervised release. He appeals the denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction pursuant to Sentencing Guidelines Amendment 802. He also argues that his original guidelines range was incorrectly calculated.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10209

Amendment 802 is not listed in U.S.S.G. § 1B1.10(d).   *See* U.S. Sentencing Guidelines Manual, Supp. to App. C, Amendment 802, pp. 146-59 (2016); § 1B1.10(d).   Accordingly, the district court was not authorized to reduce Berny-Estrada's sentence pursuant to Amendment 802, and the district court did not abuse its discretion in denying his § 3582(c)(2) motion.  *See Dillon v. United States*, 560 U.S. 817, 826 (2010); *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009).  Berny-Estrada's challenges to the correctness of his original sentence are not cognizable under § 3582(c)(2).  *See Dillon*, 560 U.S. at 831.

The judgment of the district court is AFFIRMED.