# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10408
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 18, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE NAVA-MARTINEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:15-CR-200-1

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Jose Nava-Martinez pleaded guilty to illegal reentry following deportation in violation of 8 U.S.C. § 1326(a) and (b)(2). Nava-Martinez received a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(i) (2014) and was subject to a greater statutory maximum sentence under § 1326(b)(2) based on his 2004 conviction for possession of a controlled substance with intent to sell in violation of Tennessee Code Annotated § 39-17-417  The district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-10408

sentenced Nava-Martinez to 84 months of imprisonment, which was within the recommended guidelines range of 77 to 96 months.  Nava-Martinez filed a timely notice of appeal.

Nava-Martinez concedes that he did not object to the application of the 16-level "drug trafficking" enhancement and that this court's review is limited to plain error.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  He argues that the district court plainly erred in applying the enhancement under § 2L1.2(b)(1)(A)(i) (2014) because there was insufficient documentation to support that his Tennessee conviction under § 39-17-417 was a drug trafficking offense.  He further argues that his counsel at sentencing was ineffective for failing to object to the application of the enhancement.

Nava-Martinez violated § 39-17-417, which makes it a crime to knowingly:

(1)  Manufacture of a controlled substance;
(2)  Deliver a controlled substance;
(3)  Sell a controlled substance; or
(4)  Possess a controlled substance with intent to manufacture, deliver or sell the controlled substance

TENN. CODE ANN. § 39-17-417(a).  The state court judgment lists the statute of conviction as § 39-17-417, but it does not specify which subsection Nava-Martinez violated.  The judgment does, however, describe the offense of conviction as "UPCS W/I."  Nava-Martinez acknowledges that the abbreviation stands for "unlawful possession of a controlled substance with intent."  Given the description of the offense in the judgment, Nava-Martinez could only have violated subsection (4) of § 39-17-417(a).

He takes issue, however, with the district court's reliance on the description of the offense in the presentence report (PSR) as possession of a controlled substance with intent to sell where the judgment of conviction does

not contain the words "to sell."  We have held that "the district court [is] not permitted to rely on the PSR's characterization of the offense in order to make its determination of whether it [is] a 'drug trafficking offense.'" *United States v. Garza-Lopez*, 410 F.3d 268, 274 (5th Cir. 2005).  Still, we recognized that under the categorical approach, the district court could properly rely on the statutory definition of the offense.  *Id.* at 273-74.

As the Government points out, Nava-Martinez does not even attempt to show that § 39-17-417 criminalizes conduct that does not fall within the definition of "drug trafficking offense" under § 2L1.2.  "[T]he failure to raise an issue on appeal constitutes waiver of that argument." *United States v. Griffith*, 522 F.3d 607, 610 (5th Cir. 2008).  Moreover, this court has yet to consider whether a violation of § 39-17-417 is categorically a drug trafficking offense.  We ordinarily will not find plain error when as issue has not been previously addressed, and we see no reason to do so on this occasion.  *United States v. Evans*, 587 F.3d 667, 671 (5th Cir. 2009).

Finally, Nava-Martinez argues that he received ineffective assistance of counsel at sentencing based on counsel's failure to object to the application of the enhancement under § 2L1.2(b)(1)(A)(i) (2014).  "Sixth Amendment claims of ineffective assistance of counsel should not be litigated on direct appeal, unless they were previously presented to the trial court." *United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014) (internal quotation marks and citation omitted).  Because Nava-Martinez did not raise a claim of ineffective assistance of counsel before the district court and the district court did not hold a hearing on the issue, the record is not sufficiently developed for this court to consider it on direct appeal.  *See id.*

AFFIRMED.