# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-11053
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 21, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff−Appellee,

versus

RACHEL MAE SKIDMORE,

Defendant−Appellant.

Appeal from the United States District Court
for the Northern District of Texas
No. 4:11-CR-60-1

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Rachel Skidmore appeals the revocation of her supervised release ("SR") and the resulting 24-month imprisonment. Skidmore's SR was revoked per 18 U.S.C. § 3583(g), which requires the mandatory revocation of SR and imposition of imprisonment for defendants found to have committed certain

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

offenses, including possession of a controlled substance.

For the first time on appeal, Skidmore maintains that § 3583(g) is unconstitutional in light of *United States v. Haymond*, 139 S. Ct. 2369 (2019), because it does not require a jury determination of guilt beyond a reasonable doubt. As Skidmore concedes, review of this unpreserved issue is for plain error, which requires her to show, *inter alia*, (1) an error that has not been affirmatively waived and (2) that is clear or obvious. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

*Haymond* addressed the constitutionality of § 3583(k), and the plurality opinion, 139 S. Ct. at 2382 n.7, explicitly disclaimed any view on the constitutionality of § 3583(g). In the absence of precedent from the Supreme Court or this court extending *Haymond* to § 3583(g), there is no clear or obvious error. *See Puckett*, 556 U.S. at 135; *United States v. Evans*, 587 F.3d 667, 671 (5th Cir. 2009).

For the first time on appeal, Skidmore contends that the district court plainly erred in failing to consider the advisory policy statement of U.S.S.G. § 7B1.4 before imposing sentence. The record does not support that assertion. The probation officer's petition for offender under supervision set forth § 7B1.4's recommended imprisonment range of 8 to 14 months. At the revocation hearing, the court expressly referenced the petition for offender under supervision filed by the probation officer, supporting the conclusion that the court reviewed the petition and implicitly considered the policy statement and the advisory range discussed therein. Skidmore has not shown any error, much less one that was clear or obvious. *See United States v. Warren*, 720 F.3d 321, 332–33 (5th Cir. 2013).

AFFIRMED.