# United States Court of Appeals
# for the Fifth Circuit

---

No. 21-20629
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
March 10, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Lee E. Price, III,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CR-522-1

---

Before Stewart, Dennis, and Willett, *Circuit Judges*.

Per Curiam:[*]

Lee Earnest Price, III, submitted multiple fraudulent applications for loans under the Payroll Protection Program (PPP) implemented as part of the Coronavirus Aid, Relief, and Economic Security Act. He ultimately received $1,689,952 in fraudulent PPP loans from two federally insured banks, Harvest Small Business Finance and Radius Bank, which funds he used to

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

purchase luxury items for his personal use. He pleaded guilty to wire fraud and engaging in monetary transactions in criminally derived property and was sentenced to 110 months of imprisonment. He now appeals.

Price complains that the district court erred in assessing a two-level sentencing enhancement for obstruction of justice under U.S.S.G. § 3C1.1, urging that there is no evidence that his conduct, taken in context, was anything other than benign. This court reviews the district court's finding that Price obstructed justice for clear error. *See United States v. Greer*, 158 F.3d 228, 233 (5th Cir. 1998). It will affirm if the finding is "plausible in light of the record as a whole." *United States v. Rodriguez*, 630 F.3d 377, 380 (5th Cir. 2011).

The record supports the district court's finding of obstruction. The district court was entitled to infer from the evidence that Price's actions and statements to Clarence Comeaux, his cousin and a potential witness, were a conscious and deliberate attempt to obstruct justice by attempting to impede the Government's investigation. *See United States v. Upton*, 91 F.3d 677, 688 (5th Cir. 1996); *see also United States v. Greer*, 158 F.3d 228, 241 (5th Cir. 1998). Although Price offers a benign explanation for approaching Comeaux, he offers no reasons for instructing Comeaux to lie to law enforcement, cancel the scheduled interview with them, and meet with him instead. Moreover, the district court was entitled to reject as incredible Price's explanation for his actions, and this court will not revisit that credibility determination. *See United States v. Harms*, 442 F.3d 367, 378 (5th Cir. 2006); *see also United States v. Hebert*, 813 F.3d 551, 560 (5th Cir. 2015).

Next, Price argues that the district court erred in assessing a two-level enhancement under U.S.S.G. § 2B1.1(b)(17)(A) for deriving more than $1,000,000 in gross receipts from one or more financial institutions. For the first time on appeal, he contends that the Guideline requires that the financial

institutions be both the source of the fraudulent loans and the victim of the fraud, and he urges that the victimization requirement has not been met in his case. Price asserts that, under the unique structure of the PPP, because Radius Bank's loan was forgiven by the Small Business Administration (SBA), the SBA, not Radius Bank, was the victim of his fraud, as evidenced by the fact that the SBA was listed as a victim in the district court's restitution order. However, according to Price, the SBA is not a "financial institution" within the meaning of the Guideline, rendering the enhancement error in his case.

The Government counters that the district court properly applied the § 2B1.1(b)(17)(A) enhancement here as the Guideline requires only that the defendant receive more than $1,000,000 in proceeds from one or more financial institutions and that Harvest Finance and Radius Bank are federally insured banks that qualify as such institutions. It asserts that the fact that Radius Bank was ultimately reimbursed by the SBA is irrelevant for purposes of the enhancement given that the Guideline focuses on the gross amount that Price derived from the banks, not the net losses sustained by the banks. The Government further asserts that, even if the SBA is the relevant entity for purposes of the enhancement, the SBA is a qualifying "financial institution" as described in the Guideline commentary.

Because Price now challenges the enhancement on a ground different than he asserted below, review is limited to plain error. *See United States v. Medina-Anicacio*, 325 F.3d 638, 643 (5th Cir. 2003). To show plain error, he must establish a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes the requisite showing, this court has the discretion to correct the error but only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.*

No. 21-20629

The parties do not cite, and this court has not located, any Fifth Circuit authority on point. That being so, Price fails to demonstrate that the district court committed a clear or obvious error under existing law in assessing the two-level "gross receipts" enhancement. *See United States v. Gonzalez*, 792 F.3d 534, 538 (5th Cir. 2015); *United States v. Ceron*, 775 F.3d 222, 226 (5th Cir. 2014); *United States v. Evans*, 587 F.3d 667, 671 (5th Cir. 2009); *United States v. Miller*, 406 F.3d 323, 330 (5th Cir. 2005); *see also Puckett*, 556 U.S. at 135.

AFFIRMED.