# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
May 1, 2023

Lyle W. Cayce
Clerk

————————

No. 22-20554
Summary Calendar

————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Jase DePaul Gautreaux,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:21-CR-47-1

_____

Before Jones, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Jase DePaul Gautreaux, federal prisoner # 17649-579, appeals the denial of his 18 U.S.C. § 3582(c)(1)(A)(i) motion for compassionate release. On appeal, Gautreaux contends that the district court erred in denying his motion because it never addressed the Government's failure to comply with alleged guidance by the Department of Justice regarding the medical

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

conditions of prisoners that rise to the level of extraordinary and compelling circumstances warranting compassionate release and it failed to consider Gautreaux's medical conditions in conjunction with his vulnerability to contracting severe COVID-19 and his rehabilitation while in prison.

We review the denial of Gautreaux's § 3582(c)(1)(A)(i) motion for an abuse of discretion. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). The district court's failure to address the Government's compliance or noncompliance with any alleged governmental policy or guidance did not constitute an abuse of discretion. Further, Gautreaux's arguments concerning his medical conditions, his vulnerability to contracting severe COVID-19, and his rehabilitation in prison were all before the district court, and the district court considered them all, whether individually or collectively, in denying relief. *See Concepcion v. United States*, 142 S. Ct. 2389, 2404 (2022); *United States v. Evans*, 587 F.3d 667, 673 (5th Cir. 2009).

Because Gautreaux fails to demonstrate that the district court abused its discretion in denying his motion for compassionate release based on its finding that he failed to establish extraordinary and compelling circumstances, we do not reach his argument that the district court failed to adequately address the 18 U.S.C. § 3553(a) factors. *See United States v. Jackson*, 27 F.4th 1088, 1093 n.8 (5th Cir. 2022); *Chambliss*, 948 F.3d at 693. The district court's decision is AFFIRMED. Gautreaux's motion to reassign the case to a different judge on remand is DENIED as moot. His motion to place this opinion under seal is DENIED as unnecessary.