# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 21, 2026

Lyle W. Cayce
Clerk

No. 25-20012
Summary Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

RANDO SAAVEDRA-RAMIREZ,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CR-75-1

_____

Before SMITH, HIGGINSON, and WILSON, *Circuit Judges*.

PER CURIAM:*

Rando Saavedra-Ramirez, federal prisoner #44239-180, appeals, under 18 U.S.C. § 3582(c)(2), the denial of a reduction in his 210-month sentence for possession with intent to distribute methamphetamine. As he does not challenge the denial of his motion for compassionate release per § 3582(c)(1)(A)(i) in his opening brief, he has abandoned it. *See* FED. R. APP. P. 28(a)(8)(A); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*,

_____

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-20012

813 F.2d 744, 748 (5th Cir. 1987).

Saavedra-Ramirez contends that he is eligible for relief based on the changes to status points under Part A of Amendment 821 of the Sentencing Guidelines; that the district court failed to give adequate reasons for its denial of relief; that the 18 U.S.C. § 3553(a) factors weigh in favor of granting relief; and that the district court misapplied the law, applied incorrect standards, and followed improper procedures.

While we typically review the interpretation of the Sentencing Guidelines *de novo*, our review is for plain error if an argument was not raised in the district court. *See United States v. Evans*, 587 F.3d 667, 671–72 (5th Cir. 2009). Regardless of the standard applied, Saavedra-Ramirez is not entitled to relief on his claim under Part A of Amendment 821 because no status points were assessed at the time of his sentencing. Although Saavedra-Ramirez asserted in the district court that he was entitled to a reduction because he was a zero-point offender under Part B of Amendment 821, he does not raise that argument on appeal and has therefore abandoned it. *See Brinkmann*, 813 F.2d at 748.

AFFIRMED.